## CONDON *v.* CONDON.

*Divorce — Alimony — Wilful absence — Res adjudicata—No divorce where separation justified — Judgment dismissing divorce action subject to review, when.*

1. A judgment of dismissal of an action for divorce without a full hearing is subject to review.
2. No divorce can be had for wilful absence or separation where the separation on the part of the accused person is justified, and a wife is justified in living apart from her husband where she has established a right to do so by obtaining a decree for separate support and maintenance.
3. As long as a wife is living apart from her husband and receiving alimony from him as awarded by a decree of a court of competent jurisdiction finding the husband guilty of wilful abandonment and desertion, which decree is unreversed and unmodified, the wife cannot be said to be wilfully absent from her husband, as she is acting in accordance with her rights under such decree.

(Decided May 7, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hulswitt & Lillie,* for plaintiff in error.

*Messrs. Dempsey & Nieberding,* for defendant in error.

GORMAN, J.  In the court of common pleas, division of domestic relations, the plaintiff, Maurice M. Condon, brought an action against the defendant, Margaret M. Condon, for divorce, alleging as a ground therefor that the defendant had been guilty of wilful absence for more than three years; that she had been guilty of gross neglect of duty in that she failed to perform the duties of a wife in preparing his meals and keeping his residence in

a cleanly and habitable condition; and that she constantly nagged and found fault with him, and obstructed and hindered him in his business.

To this petition the defendant filed an answer admitting the marriage, that plaintiff is a *bona fide* resident of Hamilton county, Ohio, and that there were no children born of the marriage. But she denied that she was guilty of gross neglect of duty towards the plaintiff, and denied that she had been wilfully absent as alleged in the petition. For a second defense against the charge of gross neglect of duty set out in the petition the defendant averred that in a certain action for alimony brought by her in the insolvency court of Hamilton county, Ohio, numbered 3075 on the docket, the plaintiff filed his cross-petition against her charging her with the same gross neglect of duty that he charges in the petition in this case, and praying to be divorced from defendant on account thereof. She further set out that she filed her answer to said cross-petition in said case in the insolvency court, denying said charge of gross neglect, and praying on her own behalf that the cross-petition be dismissed; that upon the issues so made by said cross-petition and answer a hearing was had in said insolvency court, and upon said hearing upon the 13th day of April, 1911, the said insolvency court did enter its final judgment and decree in said cause, finding among other things, upon the issues joined upon said charge of gross neglect of duty, in favor of this defendant, and that she was not guilty thereof as charged by plaintiff, and ordering and adjudging that said cross-petition for divorce in said cause in said insolvency court be

dismissed. The defendant further averred that said case No. 3075 in said court is *res adjudicata* as to the charges of gross neglect of duty made by plaintiff in this case, and that said plaintiff is estopped and barred by said final judgment and decree from relitigating said charges in this case. For a third defense to the charge of wilful absence the defendant set out that the plaintiff wilfully abandoned and deserted her and left her penniless and in great financial straits on the 9th day of August, 1910; and further averred that the insolvency court of Hamilton county in its final judgment and decree, referred to in the second defense herein, found as a fact that plaintiff did on August 9, 1910, wilfully abandon and desert defendant, and as a consequence thereof did order, adjudge and decree that plaintiff should pay this defendant, as and for alimony, during the continuance of the judgment and decree, the sum of fifteen dollars per week on Monday of each and every week; that since the rendition of said judgment, and, as defendant believes, for the purpose of evading payment of the same, the plaintiff has twice through intermediaries and not in his own proper person requested the defendant to return to him and to resume marital life with him; and that the defendant declined and refused, and still declines and refuses, for the reasons, first, that the plaintiff is now and has been for a long time prior to the date of the separation a continual and habitual drunkard; second, that the plaintiff is now and was at the time of their said separation and has ever since been consorting with another woman to the great scandal and disrespect of this de-

fendant. And for a fourth defense, the defendant alleged that the plaintiff did not bring this action in good faith, but for the purpose of getting rid of the judgment of alimony awarded against him by said insolvency court; that the judgment of the insolvency court awarding her fifteen dollars was made a lien upon the real estate of plaintiff, which is set out and described by him in the petition, and that after said judgment was rendered the plaintiff herein appealed to the circuit court of Hamilton county from the judgment entered by the insolvency court in her favor for alimony of fifteen dollars per week, and on appeal in said court, cause No. 5387, on November 26, 1913, said circuit court of Hamilton county entered as its judgment and decree the same judgment and decree entered by the insolvency court and also made an allowance of fifteen dollars per week alimony a lien and charge upon plaintiff's real estate. The defendant further set out in her answer that the said judgments and decrees of the insolvency court of Hamilton county and the circuit court of Hamilton county are in full force and effect, unreversed and unmodified. Defendant therefore prays that plaintiff's petition for divorce be dismissed and that she may be protected in all her rights.

To this answer the plaintiff filed a reply in which he denies that he is estopped or barred from setting up in the petition the allegation of gross neglect of duty, and he denies that he does not bring this action in good faith, and he denies that there was any mercenary motive in his attempts to effect a reconciliation, denies that he is a continual and habitual drunkard, denies that he has been con-

sorting with another woman, denies that he has threatened defendant with personal violence and that she is in mortal fear of him, asserting that the claim that she is in mortal fear of him is a fabrication stated only for the purpose of eliciting sympathy. He denies that he at any time refused to provide suitable apartments for himself and defendant, such as those that ought to be provided by a man of his means.

It will be noticed that the reply fails to deny the decrees entered in the insolvency and in the circuit courts of Hamilton county, and fails to deny that the decrees were found against him upon the issue of gross neglect of duty and abandonment.

Upon the trial of this case in the common pleas court before his honor Charles W. Hoffman, judge of the division of domestic relations, the defendant offered in evidence the pleadings in the former alimony and divorce case in the insolvency court of Hamilton county, and also the decree entered by that court in said cause, and the decree entered by the circuit court of Hamilton county when said cause was appealed to that court. The court of common pleas refused to hear any further testimony with regard to the charge of gross neglect of duty or wilful absence, as set up in the petition, and claimed to have occurred since the entry of said judgments of the insolvency court and the circuit court of Hamilton county. The court further adjudged and decreed that the petition of plaintiff herein be dismissed and that the defendant Margaret M. Condon recover from the plaintiff her costs and counsel fees. To all of the foregoing

rulings of the court, the judgment, and order and decree, the plaintiff Maurice M. Condon excepted, and is in this court asking for a reversal of the judgment dismissing his petition.

At the outset of the case it is claimed that there is no bill of exceptions filed in this case. It appears from the record that the judgment entry was made by the court of domestic relations on August 11, 1916, and a bill of exceptions was duly filed in the court of common pleas on September 20, 1916, and transmitted by the clerk of that court to Judge Hoffman on October 2, 1916. Judge Hoffman, on the same day, October 2, 1916, returned the bill to the clerk of the court of common pleas with his acknowledgment of the receipt thereof and his signature.

The petition in error together with a transcript of the docket and journal entries of the court of common pleas and the original pleadings were filed in this court on October 16, 1916, but no bill of exceptions appears to have been filed on that date. A bill of exceptions duly signed by Judge Hoffman, and purporting to contain all the evidence offered below, was filed in this court on November 24, 1916, one hundred and five days after the judgment was rendered in the common pleas court. The petition in error in this court was filed October 16, 1916, within the seventy-day period fixed by the statute for the filing of a petition in error, but the requirements of the statute that the bill of exceptions shall be filed with the petition in error within the statutory time of seventy days was not complied with. As an excuse for this, counsel for plaintiff in error claims that he left the bill of exceptions with the

clerk of the court and that by inadvertence or oversight the clerk of the court neglected to file it in the court of appeals on October 16, 1916, when the transcript, the petition in error and the original papers were filed. The bill of exceptions was found in the safe of the clerk on or about November 24, 1916, the date of the filing in this court. The deputy clerk who attends to the filing of papers in the court of appeals had no independent recollection of a bill of exceptions being presented to him, but counsel for plaintiff in error claims that he did present it to this clerk for filing. Under these circumstances we are not prepared to say that counsel for plaintiff in error did not perform his full duty in presenting the bill of exceptions to be filed, with the proper deputy clerk, and the failure of the clerk to file the bill of exceptions could not be charged to plaintiff in error or his counsel. We are disposed to give the plaintiff in error the benefit of the doubt and hold that under the circumstances the bill of exceptions should be considered by this court.

But, considering the bill of exceptions and all the evidence adduced, together with the rulings of the court in failing to hear other evidence, we are of the opinion that the court of common pleas did not err in dismissing the petition of plaintiff.

Ordinarily a judgment of the court of common pleas in a divorce matter is not reviewable by this court, on the grounds of public policy. It may be claimed under Section 12002, General Code, that where the court of common pleas dismisses the petition without a final hearing, error may be prosecuted to this court. That section provides:

"No appeal shall be allowed from a judgment or order of the common pleas court under this chapter [the chapter relating to divorce and alimony] except from an order dismissing the petition without final hearing, or from a final order or judgment granting or refusing alimony."

This is not an appeal proceeding, and, furthermore, under the new constitution, as adopted in 1912, there is no longer any appeal from a judgment of divorce or alimony to the court of appeals. But, in view of the fact that this section remains unrepealed, we think, as has been said by this court in the *Schmid case* decided today, by analogy it appears to be the policy of the legislature to allow a review of a divorce case when there is a judgment of dismissal without a hearing. It appears to us that this judgment of dismissal of the action without a full hearing is subject to review. But so long as the decree of alimony in the former case, in favor of the defendant in error against the plaintiff in error, which was entered by the circuit court of Hamilton county in 1913, remains in full force, unreversed and unmodified, the plaintiff in error in this case is bound by all the findings set out in that decree touching the matter of gross neglect of duty and abandonment. In the decree the circuit court did find that the plaintiff in error had abandoned the defendant in error and that she was not guilty of any neglect of duty toward plaintiff in error, and awarded her alimony of fifteen dollars per week. The plaintiff in error in the petition below set out no new cause of action, and as long as defendant in error in this case is living apart from plaintiff in error and receiving alimony from

him as awarded by the circuit court of Hamilton
county in the former case, she cannot be said to be
wilfully absent from the plaintiff, as she is acting
in accordance with her rights under the decree of
the circuit court.

These questions of fact, having been determined
against the plaintiff in error, cannot be reopened
and relitigated in a subsequent action between the
same parties. We think this doctrine is fully sup-
ported by the following authorities: *Miller* v.
*Miller,* 150 Mass., 111; *Harrington* v. *Harrington,*
189 Mass., 281; *Weld* v. *Weld,* 27 Minn., 330, and
1 Nelson on Divorce and Separation, Section 92.

The author of the last-named authority says in
the section cited that no divorce can be had for wil-
ful absence or separation where the separation on
the part of the accused person is justified, and that
a wife is justified in living apart from her husband
where she has established a right to do so by obtain-
ing a decree for separate support and maintenance.

If the plaintiff in error in this case has any new
grounds for divorce against his wife, which have
arisen since the rendition of the judgment in the
circuit court, or if the decree of the circuit court
of Hamilton county had been set aside or modified,
he would have a right to maintain an action for
divorce against the defendant in error. But so long
as the status of the parties remains as it has been
fixed by the decree entered by the circuit court of
Hamilton county, and so long as that judgment con-
tinues unreversed and unmodified, we hold the
plaintiff in error cannot maintain an action for
divorce on the ground of wilful absence against
the defendant in error.

Baird *v*. Detrick.                    [8 Ohio

For the reasons stated, the judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

JONES, P. J., and HAMILTON, J., concur.