[Civ. No. 14706. Second Dist., Div. One. June 28, 1945.]

JOSEPH GLASTON, Respondent, v. ROSALIE GLASTON, Appellant.

Samuel Schwartzberg and Henry P. Goodwin for Appellant.

Rosalind Goodrich Bates for Respondent.

YORK, P. J.—Defendant wife appeals from a judgment granting to plaintiff husband an interlocutory decree of divorce on the ground of cruelty. Defendant, a resident of New York State, appeared and filed her cross-complaint in the instant action.

The parties intermarried in New York State on September 7, 1940, and they separated on October 9, 1940. It is admitted by both that respondent attempted a reconciliation and that on October 25, 1940, they signed a document whereby, in return for the establishment of a joint bank account and one-half of respondent's weekly earnings, appellant promised to resume marital relations with respondent, starting November 25, 1940. However, on October 31, 1940, appellant instituted in New York State an action for separation from bed and board on the grounds of cruelty, nonsupport and desertion. Respondent, who was then and now is, a publicity agent for the well-known comedy team of Abbott and Costello, was sent to California on November 2, 1940. After handling publicity for his employers at Chicago and Detroit en route to California, he shortly thereafter arrived at Los Angeles, where he has ever since resided.

Substituted service was made upon respondent in the New York action by the publication of summons in two New York newspapers, and by mailing copies of the complaint and summons to respondent at two different addresses in New York City. Thereafter, judgment was taken against him by default upon the three grounds heretofore stated, appellant receiving a judgment for separate maintenance and respondent

ordered to pay her $100 per week for her support, although he was never at any time personally served with either the summons or complaint.

To the amended complaint in the instant cause, appellant wife filed her first amended answer and cross-complaint in which she denied the acts of cruelty charged against her in said amended complaint, alleged a course of cruel and inhuman conduct by respondent husband, and set up the judgment rendered in the New York action as a bar to the within action for divorce, praying that said foreign judgment be established and enforced in this state, and that she be awarded a money judgment thereon for the unpaid sums accrued thereunder, to wit, $8,600. The allegations of appellant's cross-complaint filed herein with respect to respondent's cruel and inhuman treatment of her are identical with the allegations of her complaint filed in the Now York action.

After a trial of the issues during which appellant introduced the New York judgment and rested, the court made findings of fact in favor of respondent husband, and denied any relief to appellant on her cross-complaint. Among other things, the trial court found as follows: That "by and under a certain final judgment of separation in favor of defendant herein, duly given and made by the Supreme Court of the State of New York, County of New York, on or about October 6, 1941, in a certain action for separation from bed and board . . . brought by this defendant, as plaintiff therein, against the plaintiff herein, as defendant therein, upon the grounds of cruelty and non-support and desertion by the plaintiff herein, it was duly found and determined by said court that the defendant herein was entitled to a judgment of separation upon all the grounds therein mentioned," all as set forth in a duly exemplified copy of said judgment attached to appellant's answer and cross-complaint herein as Exhibit A. "XI. That it is not true that the plaintiff herein is therefore by said prior final judgment and adjudication estopped from alleging or attempting to allege or prove any or all, of the matters and allegations contained in said Paragraphs V and VI of the Amended Complaint as grounds for or basis of his cause of action for divorce therein. . . . XXI. That it it not true that as a result of the judgment rendered in the above mentioned separation suit plaintiff is barred from suing for a divorce."

The judgment which followed granted an interlocutory

decree of divorce to respondent husband, and ordered him to pay to appellant's attorneys $750 for fees and $100 for costs, payable in monthly payments of $100 commencing March 10, 1944. This appeal, as heretofore stated, has been perfected from that portion of said judgment granting an interlocutory decree of divorce to respondent.

In support of her claim that this state must give full faith and credit to the judgment rendered in the New York action for separation from bed and board which, she urges, has been attacked herein on the sole ground that respondent was not personally served in that action, appellant cites the case of *Williams* v. *North Carolina,* 317 U.S. 287 [63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273]. The cited case held that the full faith and credit clause of the federal Constitution requires the extraterritorial recognition of the validity of a divorce decree obtained in accordance with the requirements of procedural due process in a state by a spouse who under the law of such state had acquired a bona fide domicil there, although the spouse who remained in the state of the original matrimonial domicil did not appear in the divorce suit and was not served with process in the state in which the divorce was granted. In view of certain dicta enunciated by the court therein to the effect that a divorce suit "is not a mere in personam action" and that "the decrees in this case like other divorce decrees are more than in personam judgments," appellant here contends that the "jurisdictional holding of the United States Supreme Court" in the cited case "is not limited to the matrimonial status of the parties but is also applicable to the judgment for alimony contained in the New York judgment."

Since the decision hereinbefore referred to (317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273), the Williams case has again been before the Supreme Court of the United States. In its last decision rendered May 21, 1945, the court in referring to the first opinion says: "It was there held that a divorce granted in Nevada, must be respected in North Carolina, where Nevada's finding of domicil is not questioned, though the other spouse had neither appeared nor been served with process in Nevada and though recognition of such a divorce offended the policy of North Carolina. The record then before us did not present the question whether North Carolina had the power 'to refuse full faith and credit to Nevada divorce decrees because, contrary to the findings of the Nevada court, North Carolina finds that no *bona fide*

domicil was acquired in Nevada.' *Williams* v. *North Carolina, supra,* at 302. This is the precise issue which has emerged after retrial of the cause following our reversal." This issue was determined by the court in the following language: "We conclude that North Carolina was not required to yield her State policy because a Nevada court found that petitioners were domiciled in Nevada when it granted them decrees of divorce. North Carolina was entitled to find, as she did, that they did not acquire domicils in Nevada and that the Nevada court was therefore without power to liberate the petitioners from amenability to the laws of North Carolina governing domestic relation." (*Williams* v. *North Carolina,* 325 U.S. 226 [65 S.Ct. 1092, 89 L.Ed. ——].)

There is nothing in either of the *Williams* v. *North Carolina* decisions, *supra,* which would indicate that the Nevada decrees of divorce there under consideration did anything more than alter the marital status of the parties thereto. The question of alimony apparently was not in issue and the judgments of divorce did not make a money award as against either of the spouses served by publication, hence those decisions are not applicable to the facts presented by the instant litigation.

The law is well established "that a personal judgment upon constructive or substituted service of process upon a nonresident defendant, who does not appear, is contrary to due process of law and is valid neither in the state where rendered nor in any other state in which its enforcement may be sought. *Pennoyer* v. *Neff,* 95 U.S. 714, 24 L.Ed. 565." (126 A.L.R. 1475. See, also, 21 Cal.Jur. 500, and authorities there cited; *De la Montanya* v. *De la Montanya,* 112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]; and *Comfort* v. *Comfort,* 17 Cal.2d 736, 741 [112 P.2d 259].)

In the case of *Geary* v. *Geary,* 272 N.Y. 390 [6 N.E.2d 67, 108 A.L.R. 1293], a decree, somewhat similar to the one here being considered, was entered which provided that "the plaintiff is entitled to a judgment of separation from the bed and board of defendant forever, because of the abandonment of the plaintiff by the defendant, because of the cruel and inhuman treatment of plaintiff by the defendant, and because of his failure, neglect and refusal to provide for the plaintiff and the issue of the marriage of the plaintiff and defendant." Said decree ordered defendant to pay $3,000 per month for the support of plaintiff and the two minor children, an order

for the sequestration of property of defendant located in New York having previously been made. In the cited case it was held by the New York Court of Appeals that "In matrimonial actions the 'res' is the marital status of a resident of the state, and, to the extent that the purpose of the action is to alter or affect the matrimonial status, the action is a 'proceeding substantially in rem' where 'substituted service by publication or in any other authorized form' is sufficient notice to answer the requirement of 'due process', as formulated in *Pennoyer* v. *Neff, supra.* Thus even before seizure of any property, the courts of New York might assume jurisdiction of the action for separation, though *the jurisdiction so assumed would not extend to the inclusion of an award of alimony in the judgment of separation. Rigney* v. *Rigney,* 127 N.Y. 408, 28 N.E. 405, 24 Am.St.Rep. 462. . . . In this case, though the defendant was served personally in California under a valid order of the court, and failed to appear or plead in the action, the *judgment which could be granted upon default could not include an effective award of alimony payable out of sequestrated property of the defendant which had not previously been seized."* (Emphasis added.)

■ The judgment in the New York action effected a separation of the parties from bed and board without terminating the marriage, therefore, under the foregoing rules of law, it is not entitled to be enforced in California against respondent herein as a money judgment, with respect to the alimony therein granted and now remaining unpaid.

The opinion in the case of *Comfort* v. *Comfort,* 17 Cal.2d 736 [112 P.2d 259], holds that a decree of separate maintenance and divorce from bed and board granted to a wife and based upon desertion by the husband and upon his cruelty, does not deprive a California court of the jurisdiction to entertain an action for divorce brought subsequently by the husband. There the wife's argument was that the New York decree conclusively established that she was the innocent party and that, under the cases, the marital domicil follows that of the innocent party. This argument was rejected by our Supreme Court not only because the cases do not support the rule as alleged by the wife, but also on the ground that the New York decree simply established that at the time the decree was entered, and prior thereto, the wife was the innocent party, but that it could not, and did not, establish her continued innocence subsequent to that date.

"A husband against whom a judgment for support and maintenance has been rendered is not precluded thereby from asserting new grounds for divorce against his wife which have arisen since the rendition of the judgment. (*Condon* v. *Condon* (1917), 8 Ohio App. 189, 30 Ohio C.A. 295.)" (138 A.L.R. 362.)

In the instant case, the testimony of the witnesses Green that appellant made certain admissions subsequent to the rendition of the New York judgment, to wit: In January of 1942, that some man other than her husband was providing for her, together with the further admission that she signed the document of October 25, 1940, hereinbefore referred to, constituted sufficient evidence to support the judgment granting respondent a divorce on the ground of extreme cruelty.

In other words, what acts may have been committed by either party since the entry of the New York judgment are open to investigation in the subsequent divorce action, because the marital status of the parties still exists, and if either party has done something which constitutes a ground for divorce the other party is entitled to have the benefit of it.

In answer to appellant's contention that the court erred "in failing to find and hold that the judgment and findings of the New York court constituted conclusive proof of the defense of recrimination of the wife to the husband's divorce action," suffice to say that appellant, in addition to pleading the New York judgment as a bar to the instant action, also filed a cross-complaint in which she alleged the same facts which formed the basis for the New York judgment. By presenting for determination in the instant action the very issues decided by the New York court, appellant has foreclosed her right to assert the defense of recrimination, because the trial court herein has found against her as to each and every issue that she so presented to it for determination. Moreover, an examination of the entire record herein discloses a situation from which the trial court would be justified in assuming that appellant was guilty of provocatory conduct. A cause of divorce which was provoked by a defendant in a divorce action is not available by way of recrimination. (*Popescu* v. *Popescu,* 46 Cal.App.2d 44 [115 P.2d 208].) He who comes into equity must come with clean hands. (*Comfort* v. *Comfort,* 17 Cal. 2d 736 [112 P.2d 259]; *Mayo* v. *Mayo,* 3 Cal.2d 51 [43 P.2d 535].)

■ Appellant urges as a ground for reversal of the judgment herein certain inconsistencies between certain findings of fact, to wit: Finding X is to the effect that the New York judgment was a final judgment of separation in favor of appellant and against respondent and was "duly given and made" by the Supreme Court of New York State upon the grounds of cruelty, nonsupport and desertion by respondent. Finding XI is to the effect that respondent is not estopped by the adjudication and final judgment in the New York action from alleging or attempting to prove any or all matters alleged in his amended complaint as basis for his cause of action for divorce herein, and Finding XXI reads: "That it is not true that as a result of the judgment rendered in the above mentioned separation suit plaintiff is barred from suing for a divorce."

Since it is the conclusion of this court that the New York judgment is not entitled to full faith and credit except insofar as it alters the marital status of the parties and effects a legal separation, the findings adverted to are consistent with this view, and together with other findings made, are amply sufficient to support the conclusions of law and the judgment.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied July 16, 1945, and appellant's petition for a hearing by the Supreme Court was denied August 27, 1945. Carter, J., voted for a hearing.