### W. C. PEACOCK v. ANTOINETTE PEACOCK

36 So. (2nd) 206
June 25, 1948

June Term, 1948
Division B

*Peyton T. Jordan* and *Peyton T. Jordan, Jr.,* for petitioner.

*Raymond Sheldon* and *Fred T. Saussy, Jr.,* for respondent.

BARNS, J.:

This is a proceeding in certiorari to review an interlocutory order in equity.

In 1929 petitioner filed his bill of complaint for divorce against respondent and, in the same year, the respondent-wife answered and thereafter, on December 30, 1929, the chancellor entered an award for temporary alimony in the sum of $20.00 per week.

No further proceedings appear to have been had in the divorce case and the cause was allowed to lie dormant until July 10, 1946, when the respondent filed her petition, setting up that there was $17,160.00 due and unpaid on the temporary award of alimony and asking the court to fix the amount due

and owing to the defendant and enter judgment and award execution therefor. Thereupon on affidavit a publication was had, as follows:

"W. C. Peacock,
            Plaintiff,

        v.

Antionette Peacock,
            Defendant.

"State of Florida:

To: W. C. Peacock, whose residence is 5300 Dixie Shell Road, City of Shreveport, State of Louisiana:

"You are hereby required to file an appearance in the above proceeding in this court on or before the 18th day of November, 1946, the nature of which proceeding being a petition to reclaim back alimony.

"Done and ordered at Tampa, Hillsborough County, State of Florida, this 16th day of October, 1946.

> "Chas H. Pent
> Clerk Circuit Court
> By Raymond Vegue, D. C."

And proof of publication of the foregoing notice was filed as published for five successive weeks, ending with November 16, 1946.

The notice required the defendant to file "his appearance" on the 18th day of November, 1946. On the 25th day of February, 1947, a purported decree pro confesso was entered. Thereafter, on the 26th day of March, 1946, the chancellor heard the testimony offered by the defendant below, and respondent here, and entered a judgment against the petitioner in the sum of $18,800.00, and awarded execution.

On January 12, 1948, the petitioner here moved the chancellor to vacate and declared null and void the $18,800.00 judgment upon the ground that the suit had abated and on the ground that it does not appear by the record that the petitioner was duly notified of the hearing on the petition or had an opportunity of opposing it.

If the notice of publication was for the purpose of original process, then the order of the chancellor was in error, because

alimony cannot be awarded upon process by publication only and, if the proceedings were based upon the respondent's petition as a step in the cause, then in that event the notice was insufficient because it merely required the plaintiff "to appear," when he had already appeared eighteen years before by the filing of his bill and, if it was intended as a notice of a hearing the notice was insufficient because it did not give the time or place of a hearing or the purpose thereof.

The petition for certiorari is granted and the decree of the chancellor of March 26, 1947, is quashed.

THOMAS, C. J., ADAMS and HOBSON, JJ., concur.