[Civ. No. 19360. Second Dist., Div. One. July 31, 1953.]

ELIZABETH A. PERRY, Respondent, v. ERNEST M. PERRY, Appellant.

John Oliver and Robert P. Dockeray for Appellant.

No appearance for Respondent.

DORAN, J.—The respondent's "Complaint for Money," filed herein, alleges that on June 6, 1947, the Chancery Court of Bergen County, New Jersey, made an order modifying a previous order of November 23, 1946, and directing that appellant husband pay to the respondent wife, the sum of $25 per week for support and maintenance of the minor children of the parties. It is further alleged that the sum of $3,012.41, with interest, remains due and unpaid.

Appellant's answer, by way of affirmative defense, alleges that at the time the supposed order was made, the husband was a resident of the State of New York; that no order for publication of notice was ever made by the New Jersey court, and that no process was served upon appellant in the State of New Jersey, and that appellant had never appeared in person or by attorney at the hearing. At the trial of the instant action, an affidavit of service was introduced in evidence showing that the notice of hearing of the petition to modify the original order was served upon appellant not in the State of New Jersey where the matter was pending but in the State of New York.

The trial court found that all material allegations of the complaint were true, and that those of appellant's affirmative

defense were untrue, and rendered judgment as prayed. It is the appellant's contention that "The New Jersey Court acquired no jurisdiction to make an order in personam against appellant"; that the order in question directing payment of $25 per week for the children's support being *in personam*, and based upon personal service outside the State of New Jersey, was invalid, therefore was not entitled to full faith and credit in California.

As authority for the above position, appellant cites the classic case of *Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565], holding that a personal judgment rendered in a state court, in an action upon a money judgment against a nonresident of the state, without personal service within the state, the defendant's personal appearance, is without validity.

In *Comfort* v. *Comfort*, 17 Cal.2d 736, 741 [112 P.2d 259], the court, following *Pennoyer* v. *Neff*, said: "It is a fundamental rule of jurisdiction that constructive service on a nonresident is not effective so as to permit a court to render a valid judgment *in personam* which will be within the protection of the full faith and credit clause, or in fact, will be valid in the state where rendered." In the Comfort case it was held that a sister state injunction which purported to restrain the prosecution of a California divorce action, was by nature *in personam*, as against the contention that it merely operated upon the *res*, namely the marriage status, and where not predicated upon personal service or appearance, the order was invalid.

Following the Comfort opinion just mentioned, *Glaston* v. *Glaston*, 69 Cal.App.2d 787 [160 P.2d 45], decided that a New York judgment "effecting a separation from bed and board without terminating the marriage, . . . is not entitled to be enforced in California against respondent herein as a money judgment, with respect to alimony therein granted and now remaining unpaid," where the New York judgment was based on constructive service only.

A judgment *in personam*, as distinguished from one *in rem* as defined in 31 American Jurisprudence, page 97, "can result only from some personal obligation which follows the person wherever he may be and which may be enforced wherever he may be found," while a "judgment in rem is one which may be pronounced upon the status of some particular subject matter."

That the order entered by the New Jersey court requiring appellant to pay $25 per week for child support is one

*in personam,* can hardly be doubted. The attempt to enforce this order in California clearly recognized its personal nature, a money "obligation which follows the person wherever he may be and which may be enforced wherever he may be found." ▮ As expressed in 17 American Jurisprudence, page 580, "The enforcement of a foreign decree for alimony raises questions different from those concerned with the validity of a foreign divorce decree. So far as such an action relates to alimony and costs it is a proceeding in personam. No judgment for alimony which has the effect of a personal judgment can be registered against a nonresident served only by publication·or by service outside the state, in other words, without personal jurisdiction of the defendant."

▮ No authority has been presented which attempts to distinguish between the payment of money for child support and the payment of alimony. In either case the result is the same, the defendant is saddled with a financial obligation of a personal nature which, if valid, can be enforced in any state where the defendant may be located. This being so, the defendant is entitled to insist that such a judgment be predicated upon personal service within the state which seeks to impose such obligation. To hold otherwise would be to violate the fundamental requirement of due process, and to give an unwarranted, extraterritorial effect to the judicial process of the issuing state.

Since the full faith and credit doctrine does not require that a California court recognize an order issued in New Jersey unless the latter court possessed jurisdiction to make such order, and since the record herein, by way of the affidavit of service, indicates that the only service of process on the defendant was had not in New Jersey but in the State of New York, the trial court was in error in recognizing the New Jersey order requiring the defendant to make a money payment, and in predicating a California judgment thereon.

The judgment is reversed.

White, P. J., and Drapeau, J., concurred.