[Civ. No. 21667. Second Dist., Div. Two. Nov. 21, 1956.]

IRENE D. SHAROVE, Respondent, v. JACK M. MIDDLEMAN, Appellant.

[Civ. No. 21780. Second Dist., Div. Two. Nov. 21, 1956.]

IRENE D. SHAROVE, Appellant, v. JACK M. MIDDLEMAN, Respondent.

Grant B. Cooper and Ned R. Nelsen for Appellant in No. 21667 and Respondent in No. 21780.

Julius A. Leetham for Respondent in No. 21667 and Appellant in No. 21780.

James L. Patten, William J. Tiernan, Myron E. Harpole, Wiley D. Bunn, E. Talbot Callister and John F. McKenna, Jr., as Amici Curiae on behalf of Respondent in No. 21667.

FOX, J.—There are two appeals in this case.

DEFENDANT'S APPEAL

Defendant appeals from a judgment establishing a Florida divorce decree and awarding plaintiff $7,220 accumulated child support under the Florida decree.

Plaintiff and defendant were married in New York in 1934. A child was born in 1936. The parties separated in 1938. Plaintiff established residence in Florida in 1939 and there filed suit for divorce. She was granted a final decree in December of that year. She was awarded custody of the minor child, and defendant was ordered to pay plaintiff $10 a week for the child's support and maintenance. Both parties have since remarried.

By her amended and supplemental complaint plaintiff sought to have the Florida decree established as a judgment in this state and to recover $7,220 due her from defendant under said judgment for the support of the child. She had also a cause of action for declaratory relief in which she sought a declaration of "the rights, duties and obligations of the parties" under the Florida judgment, "or their rights, duties and obligations otherwise."

In his answer defendant alleged, inter alia, that he did not appear either personally or by counsel in the divorce suit in Florida, nor was personal service made upon him; that service was effected by publication only.

At the trial he testified on this point in support of the allegations of his answer.

On appeal he asserts error on the ground that the trial court failed to find on this issue.

■ It is elementary that findings are required on all material issues raised by the pleadings and evidence, unless they are waived and "if the court renders judgment without making findings on all material issues, the case must be reversed." (*James* v. *Haley*, 212 Cal. 142, 147 [297 P. 920]; *Fairchild* v. *Raines*, 24 Cal.2d 818, 830 [151 P.2d 260].)

■ A corollary to this rule is that findings should be definite and certain. (*Andrews* v. *Cunningham*, 105 Cal.App.2d 525, 528 [233 P.2d 563]; *Williams* v. *Wren*, 88 Cal.App. 607, 608 [263 P. 1038].)

■ The nearest approach to a finding on this issue is finding VI, where it is stated "That pursuant to a domestic relations proceeding commenced in the state of Florida, *of which defendant had notice and concerning which he nego-*

*tiated and participated with his attorneys,* a decree of divorce was granted to plaintiff dissolving the bonds of matrimony, and in line with the previous agreement of the parties, decreeing the payment of $10.00 a week for the care and support of Paul M. Middleman, the minor child of the parties.'' (Italics added.) A mere reading of the quoted finding discloses that it is not a finding ''definite and certain'' or otherwise, on the affirmative defense that the Florida court never acquired personal jurisdiction over defendant in the divorce case by his appearance therein or by service of process upon him within the jurisdiction.

█ A finding on this issue is, of course, material insofar as the order of the Florida court requiring defendant to pay plaintiff $10 a week for the support and care of the minor child is concerned. Without an appearance in that suit by him or on his behalf, or personal service on him in that state, the award for support is not valid for it is an *in personam* judgment and such a judgment may not legally be rendered upon service of process by publication only. (*Peacock* v. *Peacock,* 160 Fla. 630 [36 So.2d 206] ; *Newton* v. *Bryan,* 142 Fla. 14 [194 So. 282] ; *Perry* v. *Perry,* 119 Cal.App.2d 461 [259 P.2d 953] ; *Comfort* v. *Comfort,* 17 Cal.2d 736 [112 P.2d 259] ; *Glaston* v. *Glaston,* 69 Cal.App.2d 787 [160 P.2d 45] ; *Pennoyer* v. *Neff,* 95 U.S. 714 [24 L.Ed. 565].) The Perry case is particularly apposite here. In that case a New Jersey court made an order directing defendant to pay $25 per week for the support and maintenance of the minor child of the parties. The only notice of this hearing was served on defendant in New York. Suit was later brought here, as in the instant case, to collect on the New Jersey award. The court pointed out (p. 464) that the New Jersey order was *in personam* and that ''the defendant is entitled to insist that such a judgment be predicated upon personal service within the state which seeks to impose such obligation. To hold otherwise would be to violate the fundamental requirement of due process . . .'' Since there is no finding on the issue of the Florida court's jurisdiction over the person of the defendant, the money portion of the judgment must be reversed.

Plaintiff states that defendant ''made no objection whatsoever to the formulation of the Findings or of the Conclusions of the Court.'' She then suggests that ''If error exists, appellant's [defendant's] non-objection doubtless waived it.'' This does not represent the law. █ The rule is that failure to

object to the findings is not a waiver of a failure to find on a material issue. (*San Jose etc. Title Ins. Co.* v. *Elliott,* 108 Cal.App.2d 793, 803 [240 P.2d 41]; *Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578, 584 [186 P.2d 748]; *Wilcox* v. *Sway,* 69 Cal.App.2d 560, 564 [160 P.2d 154].)

Plaintiff argues also that "Enforcement of the Florida judgment on the grounds of comity alone would be sufficient, and make immaterial whatever form of service was employed." This proposition is not sound. In *Comfort* v. *Comfort, supra* (p. 741), citing *Pennoyer* v. *Neff, supra,* our Supreme Court pointed out: "It is a fundamental rule of jurisdiction that constructive service on a nonresident is not effective so as to permit a court to render a valid judgment *in personam* which will be within the protection of the full faith and credit clause, or, in fact, that will be valid in the state where rendered." It naturally follows that comity does not justify the recognition of a judgment that is not "valid in the state where rendered." It is therefore essential that the character of service that was had on defendant in the Florida case be determined insofar as the money judgment is concerned.

Although defendant has appealed "from the whole and each and every part" of the judgment, he fails to suggest any reason why the portion of the judgment which establishes the Florida divorce decree in this state should be reversed. Our examination of the record fails to disclose any basis for upsetting that portion of the judgment.

### PLAINTIFF'S APPEAL

Plaintiff appeals from an order dismissing her motion to restrain defendant from further prosecuting his appeal from the judgment, pending his payment of attorney's fees and costs which had been awarded her in connection with his appeal. The court refused to entertain plaintiff's motion on the ground of lack of jurisdiction. The court was correct for obviously it has no jurisdiction to interfere with or stay proceedings on appeal. The appropriate place to make such a motion is in the reviewing court where the appeal is pending. (*Krog* v. *Krog,* 32 Cal.2d 812 [198 P.2d 510]; *Kopasz* v. *Kopasz,* 34 Cal.2d 423 [210 P.2d 846].)

The portion of the judgment establishing in rem the Florida divorce decree is affirmed; the portion of the judgment awarding plaintiff $7,220 is reversed. (Appeal No. 21667.)

The order dismissing plaintiff's motion to restrain further

prosecution of defendant's appeal is affirmed. (Appeal No. 21780.)

Moore, P. J., and Ashburn, J., concurred.

The petition of respondent in No. 21667 and appellant in No. 21780 for a hearing by the Supreme Court was denied January 16, 1957. Traynor, J., was of the opinion that the petition should be granted.