[Civ. No. 51549. Second Dist., Div. Four. Nov. 7, 1977.]

DOUGALD MacDONALD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
DAVID D. SATIN et al., Real Parties in Interest.

**COUNSEL**

Cummins, White, Yokaitis & Rylaarsdam and W. F. Rylaarsdam for Petitioners.

No appearance for Respondent.

Hunt, Liljestrom & Wentworth and J. Gary Germann for Real Parties in Interest.

## OPINION

**FILES, P. J.**—This proceeding arises out of a petition seeking a writ of mandate or prohibition to overturn an order of the superior court forbidding petitioners to go forward with an appeal from the superior court's judgment in a civil action. The superior court's order was made as a sanction for failure to answer postjudgment interrogatories served under Code of Civil Procedure, section 714.5.

In the underlying action on December 14, 1976, David D. Satin and others (hereinafter referred to as plaintiffs) obtained a money judgment against petitioners Dougald and Margaret MacDonald (hereinafter referred to as defendants). Early in January 1977 defendants appealed from that judgment. About January 28, 1977, pursuant to Code of Civil Procedure section 714.5,[1] plaintiffs served interrogatories upon defendants by mailing to their attorneys of record Cummins, White, Yokaitis & Rylaarsdam (hereinafter defendants' attorneys).

No answers having been made, plaintiffs on March 10 made a motion to compel answers to the interrogatories. One of the attorneys for defendants responded with a declaration stating in substance that defendants had moved and had provided no new address, that the interrogatories had been forwarded to defendants in care of their son, who resided in British Columbia, Canada, but the declarant did not know whether his clients had received them.

The motion was heard by the superior court on March 31, at which time the court made the following minute order: "Motion granted. Answers to interrogatories to be filed within 60 days. If they are not filed by that date, the defendants will be barred from prosecuting the appeal further. Notice waived."

---

[1]Code of Civil Procedure, section 714.5: "In addition to the procedure set forth in Section 714, the judgment creditor may propound written interrogatories to a judgment debtor represented by counsel in the manner set forth in Section 2030, and the judgment debtor shall be required to answer the interrogatories in the same manner and within the same time as required by Section 2030. Interrogatories may be served pursuant to this section any time after execution against property of the judgment debtor may properly be issued. The provisions of this section may be enforced, to the extent practicable, in the same manner as interrogatories in a civil action. The procedure authorized by this section is cumulative to, and may be used in conjunction with, the procedures set forth in Section 714. A judgment debtor may not be required to respond to interrogatories pursuant to this section more frequently than once in any four-month period or within any four-month period during which he has been subject to an examination pursuant to Section 714."

On May 26 the superior court heard defendants' motion for reconsideration of its March 31 order, and made the following minute entry: "Motion to reconsider is granted. The prior order shall stand."

Thereafter, on July 15, 1977, this mandate proceeding was commenced by a petition filed on behalf of defendants and defendants' counsel jointly as petitioners.

For the purpose of this proceeding we need not decide whether the text of the two minute orders is sufficient to constitute an injunction prohibiting defendants and their attorneys from taking the procedural steps required to carry forward an appeal to the Court of Appeal. The reporter's transcript of the hearings in the superior court indicates that the trial judge believed he had issued such an injunction. Defendants and their counsel have prudently sought relief here rather than make an issue over the interpretation of the minute orders.

Petitioners' first ground of attack is that Code of Civil Procedure section 714.5 is unconstitutional in that it is applicable only to "a judgment debtor represented by counsel," and in that respect denies to such debtors equal protection, as compared with debtors not represented by counsel. No authorities which are remotely relevant to this alleged discrimination are cited.

When consideration is given to the practical effect of this new statute, which was enacted by the 1976 Legislature, no invidious discrimination is apparent.

Code of Civil Procedure section 714 provides the historic method of examining a judgment debtor concerning his property. That section authorizes an order of court requiring the debtor to appear personally before the court and testify under oath. The new procedure, authorizing the use of written interrogatories, is much less onerous for the judgment debtor than the conventional order to appear. Debtors are not put at a disadvantage by section 714.5 unless they expect to conceal themselves or remain absent so that an order to appear under section 714 may not be enforced. When the statute is viewed in this light, the only disadvantaged class would consist of judgment debtors who are capable of avoiding the enforcement of an order to appear under section 714. It is surely not improper for the law to make separate provision for the members of that class.

In limiting the use of this new and untried procedure to judgment debtors represented by counsel, the Legislature may well have considered the practical difficulties of attempting the use of interrogatories against debtors not so represented. In this context the classification seems neither odious nor unreasonable. As we point out below, the enforcement of section 714.5 need not operate to chill the exercise of the right of appeal.

The method selected by the superior court to compel answers is an interference with a proceeding not under its control. We are not aware of any legal basis for an order of the superior court shutting off an appeal authorized by the state Constitution, the applicable appeal statutes, and the California Rules of Court. It is well established that an appellate court may stay or dismiss an appeal by a party who stands in contempt of the legal orders and processes of the superior court. (See *MacPherson* v. *MacPherson* (1939) 13 Cal.2d 271 [89 P.2d 382] (appeal dism.); *Krog* v. *Krog* (1948) 32 Cal.2d 812 [198 P.2d 510] (appeal stayed); *Tobin* v. *Casaus* (1954) 128 Cal.App.2d 588 [275 P.2d 792, 49 A.L.R.2d 1419] (appeal dism. for refusal to appear for supplemental examination).) But this is a remedy applied by the appellate tribunal, not the trial court whose judgment is the subject of the appeal. (*Sharove* v. *Middleman* (1956) 146 Cal.App.2d 199, 203 [303 P.2d 900].)

Plaintiffs point out that section 714.5 provides: "The provisions of this section may be enforced, to the extent practicable, in the same manner as interrogatories in a civil action," and they cite Code of Civil Procedure section 2034 which describes the various sanctions available for refusal to make discovery. Subdivision (a) of the latter section provides that upon failure of a party to answer an interrogatory, the court may make an order compelling answer, and subdivision (b) (1) (iii) provides that the violation of such an order may be punished as a contempt. Subdivision (b) (2) also provides other sanctions, including the arrest of the party and an order requiring the disobedient party to pay the reasonable expense of enforcement, including attorney fees.

Subdivision (d) contains this language: "if a party or an officer or managing agent of a party willfully fails to serve answers to interrogatories submitted under Section 2030 of this code, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against

that party, or impose such other penalties of a lesser nature as the court may deem just, . . . ."

Plaintiffs argue that since the other sanctions expressly authorized in section 2034 may not be effective to coerce the defendants in this case, the language "other penalties of a lesser nature as the court may deem just" should be interpreted as authorizing the trial court to enjoin prosecution of an appeal.

We cannot construe sections 714.5 and 2034 as conferring upon the superior court the unprecedented power to prohibit an appeal from its own judgment. Had the Legislature so intended, some more specific language would have been employed.

Let a peremptory writ of mandate issue requiring the respondent superior court to vacate so much of its orders dated March 31 and May 26, 1977, as purport to forbid the prosecution of petitioners' appeal from the judgment in the action entitled Satin et al., vs. MacDonald et al., No. SE C 14035. Pending finality of this decision, enforcement of the respondent court's orders of March 31 and May 26, 1977, is stayed.

Kingsley, J., and Wiener, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.