520 So.2d 52 (1988)
Julio MONTANO, Appellant,
v.
Maria Pia MONTANO, Appellee.
No. 86-1637.
District Court of Appeal of Florida, Third District.
January 12, 1988.
As Corrected on Denial of Rehearing March 15, 1988.
Ferdie & Gouz and Michael Heidt and Ainslee Ferdie, Battisti & Battisti, Coral Gables, for appellant.
Dieguez & Quintero and Anthony Dieguez, Hialeah, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage and from an order denying the former husband's motion for recusal of the trial judge. An attack is made on the court's exercise of jurisdiction to (1) dissolve the marriage, (2) make a disposition of property, and (3) make an award of alimony, child support, and attorney's fees.
Julio Montano, a Guatemalan citizen, and Maria Montano, an American citizen, were married in Miami, Florida in 1980. The ceremony was performed by a Guatemalan notary public, and the certificate of marriage was issued and properly recorded in Guatemala. The couple lived at various times in a condominium in Dade County, a marital residence in Broward County, and a condominium in Guatemala. Mrs. Montano filed for dissolution of marriage in Dade County. After a final hearing the trial court issued a final judgment dissolving the marriage, fixed an amount for child support, alimony and attorney's fees, and ordered a distribution of property.
Appellant does not challenge the validity of the marriage under Guatemalan law, but argues that because the marriage was not performed in compliance with Florida statutory formalities the courts of Florida lack jurisdiction to dissolve the marriage. We disagree. Under principles of comity a marriage by citizens of a foreign country, if valid under foreign law, may be *53 treated as valid in Florida for the purposes of a dissolution action. See generally 52 Am.Jur.2d Marriages § 84 (1970) (a marriage valid according to law of foreign country will be recognized as valid in United States). Where the former wife resided in Florida for six months prior to filing the petition for dissolution, and the Guatemalan husband was properly served by constructive notice, the trial court properly exercised in rem jurisdiction to dissolve the valid Guatemalan marriage.
There is merit, however, in the former husband's second contention that the trial court was without jurisdiction to make a disposition of real property. Because the wife was unable to obtain personal service of process on her husband, constructive service was made by publication. Although her petition for dissolution contained a description of the real property located in Dade and Broward Counties owned by the appellant, the notice of action for constructive service failed to describe the property. For failure of the published notice to describe the real property as required by section 49.08(4), Florida Statutes (1985), the trial court was without in rem jurisdiction to adjudicate the parties' rights in the realty. Davis v. Dieujuste, 496 So.2d 806 (Fla. 1986); Williamson v. Williamson, 478 So.2d 850 (Fla. 3d DCA 1985); Hennig v. Hennig, 162 So.2d 288 (Fla. 3d DCA), cert. denied, 166 So.2d 754 (Fla. 1964); Webb v. Webb, 156 So.2d 698 (Fla. 3d DCA 1963).
The appellant's third contention is that because the trial court did not have in personam jurisdiction over him it was without jurisdiction to award child support, alimony, and attorney's fees. The appellee, citing a line of Florida cases, argues that because the trial court had in rem jurisdiction to enter the final order dissolving the marriage, it had the power to award child support, alimony and attorney's fees.[1] A later Florida Supreme Court decision, nevertheless, has implicitly rejected the contention. In Davis v. Dieujuste, 496 So.2d 806, 808 (Fla. 1986), the Supreme Court restated its recognition of the "divisible divorce" concept and its dual aspects  one relating to marital status and the other relating to property rights and obligations of the parties. It was noted that although in rem jurisdiction obtained by constructive service is sufficient to dissolve a marriage, personal jurisdiction is generally required before a court may issue a decree ordering payment of alimony, child support, and costs. Id. See also Peacock v. Peacock, 160 Fla. 630, 36 So.2d 206 (Fla. 1948) (alimony cannot be awarded when process is by publication only); Adams v. Adams, 218 So.2d 777 (Fla. 1st DCA 1969); Voss v. Voss, 169 So.2d 351 (Fla. 3d DCA 1964).
On the final issue, there are no valid grounds for disqualifying the trial judge. See Fischer v. Knuck, 497 So.2d 240 (Fla. 1986) (petitioner's motion and affidavit for disqualification must assert facts sufficient to show factual foundation for alleged fear of prejudice.)
Accordingly, those portions of the final judgment granting dissolution of the marriage and awarding child custody are affirmed; in all other respects the final judgment is reversed.
NOTES
[1] See Pestana v. Pestana, 486 So.2d 666 (Fla. 1st DCA 1986); Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); Wood v. Wood, 276 So.2d 527 (Fla. 3d DCA 1973).