CLOTHILDA BUERFENING *vs.* JACOB BUERFENING.

May 31, 1877.

Divorce—Adultery—Alimony.—In an action for divorce, upon any other ground than that of adultery, the adultery of the plaintiff is not a bar to the action. But if plaintiff, in her complaint, claims alimony, her adultery may be pleaded and proved as a defence, in whole or in part, to that claim.

Appeal by defendant from a judgment of the district court for Meeker county, *John H. Brown*, J., presiding.

*S. L. Pierce* and *J. Mainzer*, for appellant.

*Strobeck & Plumley*, for respondent.

GILFILLAN, C. J. Action for divorce and alimony, on the grounds of habitual drunkenness, and cruel and inhuman treatment. The answer, in addition to denials, alleges various acts of adultery committed by the plaintiff. To the part of the answer alleging plaintiff's adultery a demurrer was interposed and sustained. This was the error complained of.

We do not think the answer can be sustained as a complete bar to the action for divorce. The statute (Gen, St. c. 62. § 6) gives the action for divorce for adultery, cruel and inhuman treatment, habitual drunkenness, and three other causes. Section 9 provides : "In any action brought for a divorce on the ground of adultery, although the fact of adultery is established, the court may deny a divorce in the following cases : *First*, when it appears that the offence was committed by the procurement or with the connivance of the complainant ; *second*, when there has been an express forgiveness of the adultery charged, or a voluntary cohabitation of the parties, with knowledge of the offence ; *third*, when the action has not been brought within three years after the discovery, by the complainant, of the offence charged ; *fourth*, when it is proved that the complainant has also been guilty of adultery, under such circumstances as would have entitled the defendant, if innocent, to a divorce." These

defences are limited by the statute to cases where the action is on the ground of adultery. , By limiting them to that class of cases, the legislature may fairly be presumed to have intended that the specified acts alone shall not be defences in other cases. *Ristine* v. *Ristine*, 4 Rawle, 460.

But, while the adultery of plaintiff is not necessarily a bar to the action in such cases, it is proper to be pleaded, as a total or partial defence, to the claim for alimony. An adulterous woman cannot stand, in regard to alimony, the equal of one whose conduct is irreproachable. In determining the amount to be allowed, the good or bad conduct of the parties is always material. Bad conduct, with a view to this part of the case, can not be proved unless pleaded.

In the order upon the demurrer it is stated that the charge is clearly pleaded as a bar to the action, and that the effect which it may have on the question of alimony, and custody of the children, can be determined at the proper time. The purpose for which the allegations are made is not stated in the answer. There is nothing in it to indicate that the defendant intended them only as a defence to the prayer for divorce; and, as the misconduct charged cannot be proved for any purpose, unless pleaded, the defendant's right to offer proof of the allegations is determined by the order sustaining the demurrer to the part of the answer containing them. That order disposed of these allegations. For error in sustaining the demurrer, that order is reversed, and the judgment must be reversed so far as it allows alimony, and a new trial of that issue ordered; and, after such trial, the court below is directed to modify its judgment so as to allow the alimony decided to be proper after such trial. The judgment, so far as it decrees a divorce, is affirmed.