(No. 33073.—)

ELMER G. LARSON, Appellant, *vs.* ALMA L. LARSON,
Appellee.

*Opinion filed March 17, 1954.*

LAURIE W. LARSON, JR., and HENRY H. CALDWELL,
both of Rockford, for appellant.

EDWARD S. FOLTZ, JR., of Rockford, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Elmer G. Larson, appellant, filed a complaint for divorce
in the circuit court of Winnebago County against Alma L.
Larson, the appellee, on July 30, 1952. Summons was
issued and served upon Alma L. Larson personally but she
did not enter her appearance nor file any pleading in the
cause.

On September 5, 1952, she was defaulted and a decree
of divorce in favor of appellant was entered, grounded
upon desertion. The decree provided that the plaintiff

would receive no alimony from the defendant, but it said nothing about the defendant receiving alimony from the plaintiff.

The appellee, Alma L. Larson, filed the present petition for an order to fix alimony on June 10, 1953. The appellant, Elmer A. Larson, moved to strike appellee's petition, which motion was denied. Thereafter the appellant filed an answer to appellee's petition, which, on motion of appellee, was duly stricken. The appellant elected to stand by his answer.

The facts as disclosed by the appellee's petition show that in March, 1952, appellee was seriously and permanently injured in an automobile-train collision while riding with her brother, and as a result she was in a complete body cast until May 9, 1952, when she was taken to her mother's home at Gladstone, Illinois, for convalescence. After appellant had filed his complaint for divorce charging appellee with desertion, and after service but before entry of decree, appellee came to Rockford reclining on a cot on a pickup truck to talk with appellant. During the conversation appellant promised he would "take care of her" and see that all of her hospital and medical expenses were paid, providing she did not contest the proceedings. Relying upon his promise appellee returned to her mother's home for further convalescence. A default decree was entered on September 5, 1952, in which there was no provision made for alimony or medical expenses. Subsequently appellant remarried. Appellee was removed from the body cast on May 9, 1953, and on June 10, 1953, filed her petition requesting alimony.

After a hearing on appellee's petition to fix alimony the court ordered the appellant to pay to appellee as alimony the sum of $25 per month.

The question for decision is whether or not in the absence of some finding or adjudication with respect to the claim or right to claim alimony in the divorce hearing, the

appellee lost her right to present the petition filed in this cause.

In *Johnson* v. *Johnson,* 381 Ill. 362, page 370, this court stated: "The jurisdiction of courts of equity to hear and determine divorce cases, and all matters relating thereto, is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not general equity powers."

Prior to 1947 there was no provision in the statutes providing for a petition for alimony after entry of a decree, where the question had not been properly preserved. In 1947 and in 1949 the legislature amended section 18 of the Divorce Act so that it now provides: "Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just, but no such order subsequent to the decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where the court by its decree has denied alimony." Ill. Rev. Stat. 1953, chap. 40, par. 19; Jones Ann. Stat. 109.186.

The discussion of cases by appellant where courts of review hold that no alimony can be awarded unless it was provided for in the decree or jurisdiction reserved, do not help the situation in the present case because they were all subject to the provisions of section 18 of the Divorce Act prior to the amendment of 1947.

The appellant further contends that an award of alimony is not warranted to a wife where the decree is entered

454

because of her desertion. In *Adler* v. *Adler*, 373 Ill. 361, it was held that the Divorce Act of this State has been construed to allow alimony to an erring wife, where all the facts and circumstances warrant the court in so doing.

It is further claimed by the appellant that the statute as amended, as well as the order based thereon, are unconstitutional because they deprive him of his property without due process of law. In the case of *People* v. *Niesman*, 356 Ill. 322, it was held that "An orderly proceeding in which a person is served with notice, actual or constructive, and has an opportunity to be heard and to protect and enforce his rights before a court having power to hear and determine the cause, is due process of law." In the statute and in the proceedings in this case we find no deprivation of constitutional rights.

The appellant in the present case was properly served with notice, appeared in open court to defend and has enjoyed all the essential elements of due process of law.

The order of the circuit court of Winnebago County is, therefore, affirmed. *Order affirmed.*