[Civ. No. 20036.   Second Dist., Div. One.   May 17, 1954.]

O. B. HENDRICKS, Appellant, v. HELEN W. HENDRICKS, Respondent.

Lauren M. Handley for Appellant.

Gladys Towles Root and Joseph M. Rosen for Respondent.

DORAN, J.—The judgment from which plaintiff appeals, dated November 7, 1952, and entered November 10, 1952, recites that "The above matter came on regularly for trial on the 14th to 17th and 22nd to 31st days of October, 1952," that both parties were represented by attorneys, and "the Court having found that by the evidence produced both parties were entitled to a decree of divorce on the grounds of extreme

cruelty, and the Court in applying the doctrine of recrimination under the law is required to deny relief to both parties; and findings having been expressly waived in open court; IT IS ORDERED, ADJUDGED AND DECREED that a divorce be denied to each party and that each party bear his own costs.''

Appellant's brief states the grounds of this appeal as follows:

''From an examination of the language contained in the Judgment . . . it would appear that the Trial Court apparently believed it was required to apply blindly the Doctrine of Recrimination under a set of fact such as this and was required to deny relief to both parties. . . .

''It was, however, decided in *De Burgh* v. *De Burgh,* (39 Cal.2d 858) at page 871 [250 P.2d 598], that no such mechanical application of the Doctrine of Recrimination is proper and the Court therein expressly disapproved cases which appeared to have supported such a mechanical application. . . .''

The De Burgh opinion, just cited, was decided on November 25, 1952, approximately two weeks after the entry of the trial court's decision in the instant litigation. Holding that a trial court is not ''required'' to deny a divorce because of recrimination, the reviewing court at page 871 ''concluded that section 122 of the Civil Code (the recrimination statute) imposes upon the trial judge the duty to determine whether or not the fault of the plaintiff in a divorce case is to be regarded 'in bar' of the plaintiff's cause of divorce based upon the fault of the defendant.''

Further elucidating the rule to be applied in this matter, the De Burgh case says, ''There can be no precise formula for determining when a cause of divorce shown against a plaintiff is to be considered a bar to his suit for divorce, for the divorce court, as a court of equity . . . is clothed with a broad discretion to advance the requirements of justice in each particular case. In general, however, certain major considerations will govern the court's decision,'' namely, (1) the prospect of reconciliation; (2) the effect of the marital conflict upon the parties; (3) the effect of the marital conflict upon third parties; and (4) comparative guilt. ''We have concluded,'' said the reviewing court, ''that in light of the foregoing discussion the findings and conclusions in the present case are not sufficient to support the determination that recrimination was established.''

The appellant's brief avers that, from the pleadings and affidavits on file, it appears in the present case (1), ''That

prospects of reconciliation appear totally absent (Clerk's Transcript, p. 40); (2) That continued litigation and marital conflict appear likely to ruin the health and finances of both the parties (Clk. Tr., p. 41); (3) That the effect of this discord on the children of the marriage, both of whom have now almost obtained their majority, appears degrading and bestial (Clk. Tr., pp. 9-11, 20, 21); (4) It would appear from the Court's findings that they are both guilty of cruelty." Appellant also calls attention to the fact "that recrimination was not, apparently, pleaded by either of the parties."

Answering the foregoing contentions, respondent's brief states that since this is an appeal on the judgment roll alone, and there is no transcript of the evidence, and findings were waived, "The evidence is presumed to support the judgment in the absence of findings." Respondent further claims that there is no evidence "that the trial judge blindly adopted the doctrine of recrimination," and that "There are no facts before this court to show that the conduct of the parties was not such as to bar a decree of divorce to each of them." the De Burgh case, *supra*, "did not hold," respondent says, "that recrimination could not bar a divorce but that the question of whether or not it existed in bar of divorce is one of fact for the trial court to determine."

The recent case of *Phillips* v. *Phillips*, 41 Cal.2d 869, 876 [264 P.2d 926] (Dec. 24, 1953), reaffirms the rule stated in the De Burgh case, and holds that "The doctrine of recrimination may not be mechanically applied by a trial judge, but it is an equitable principle to be followed according to the circumstances of each case and with a proper respect for the paramount interests of the community at large. . . . The trial court necessarily has a broad discretion. It must, however, give consideration to the prospects of reconciliation, the effect of the marital conflict upon the husband, wife, and third parties, and the comparative fault of the parties."

The decisions hereinbefore mentioned are, of course, controlling in the instant controversy. Applying the rule there announced to the present situation, it appears that appellant's contentions are sound. ▮ Following the trial court's explicit finding that "both parties are entitled to a decree of divorce on the grounds of extreme cruelty," the judgment goes on to state that the court, "in applying the doctrine of recrimination *under the law is required to deny relief* to both parties." (Italics added.) As has been seen from the cited cases, this is not the law, and although both parties

have been found to be at fault, the trial court was not "required" to deny relief.

As was said in the Phillips case, *supra*, it appears from the pleadings, affidavit, finding and judgment, as well as from the briefs of the respective parties, that in the present case "the legitimate objects of the marriage have been destroyed. No public policy would be served by denying a divorce because each party was guilty of extreme cruelty towards the other. It is a degradation of marriage and a frustration of its purposes to use it as a means of punishing the parties to the divorce action. In our opinion, the trial judge should not have denied the parties a divorce on the ground that recrimination had been shown."

Assuming the trial court's statement that both parties were entitled to a divorce on the ground of cruelty to be a general finding, which respondent does not admit, then it is conceded that when an appeal is taken on the judgment roll alone the evidence is conclusively presumed to support the findings. However, respondent's further statement that in such case "it is also conclusively presumed that the said evidence will operate as a bar and prevent both parties from acquiring a decree of divorce, is not persuasive. In view of the holdings in the cases hereinbefore cited, such a conclusion does not necessarily follow.

It is fundamental that a marriage contract differs from other contractual relations in that there exists a definite and vital public interest in reference to the marriage relation. The "paramount interests of the community at large," quoting from the Phillips case, *supra*, is a matter of primary concern. The instant case presents a picture of long continued strife not merely between husband and wife but as well involving the two children in the marital quarrels. The parties have been married almost 23 years, and as appellant says, it appears that "their constant litigation has produced nothing so far but additional trouble for the entire family (Clk. Tr., pp. 40, 41)." Public policy cannot well be served by denying a divorce to both parties. Since both parties are, under the evidence, entitled to a divorce on the ground of cruelty, they should be granted that relief without further litigation.

For the reasons hereinbefore stated, the judgment is reversed with directions to grant a decree of divorce to both parties, each party to bear his own costs on appeal.

White, P. J., and Drapeau, J., concurred.