[L. A. No. 23320. In Bank. Apr. 29, 1955.]

GERTRUDE ELSBETH MUELLER, Respondent, v. KURT HANS MUELLER, Appellant.

Krag & Sweet and William L. Mock for Appellant.

Dockweiler & Dockweiler and Frederick C. Dockweiler for Respondent.

TRAYNOR J.—On September 30, 1952, plaintiff Gertrude Mueller filed this action for divorce against defendant Kurt Mueller alleging extreme cruelty. Defendant cross-complained for divorce alleging extreme cruelty and adultery. The parties were married in 1936 and have three children who were 15, 12, and 9 years of age at the time of the trial. Plaintiff testified that it had been a bad marriage and that she had wanted a divorce when she was first pregnant. Defendant frequently cursed plaintiff and broke dishes and on one occasion he brandished a poker over her and one of the children and then dashed it into the fireplace. He threw a radio out of the house when plaintiff's playing it disturbed him, and on at least two occasions he beat her. She was afraid of him, and her mental health has been seriously impaired. On one occasion when she left the house in fear, he threatened to break everything in the place if she did not return at once, and when she returned she found that he had taken pills and was unconscious on the floor. She admitted committing adultery with two men in August, September, and October of 1950 and testified that she had told her husband about these incidents and that they had continued regular sexual relations thereafter. Defendant denied much of the foregoing testimony, but he admitted that he had beaten plaintiff on one occasion. He also testified that she made unfounded accusations of infidelity against him. Both parties made attempts to reconcile their difficulties but to no avail. On the basis of the foregoing evidence and other evidence, much of which was corroborated by other witnesses, the trial court found that each of the parties had treated the other with extreme cruelty and that plaintiff had committed adultery. It also found that both of the parties were fit and proper persons to have custody of the children and that it was for their best interests that their custody be awarded to plaintiff. Judgment was entered granting each of the parties an interlocutory decree of divorce against the other, awarding custody of the children to plaintiff, dividing the community property, and awarding plaintiff $200 per month alimony and $210 per month for the support of the children. Defendant appeals from the entire judgment except that part thereof granting him an interlocutory decree of divorce from plaintiff.

Defendant contends that the trial court erred in failing to find that his cause of action for divorce was in bar of plaintiff's cause of action (see Civ. Code, § 122), and in awarding alimony to a wife found guilty of adultery. We cannot agree with these contentions.

The trial court was justified in concluding that the legitimate objects of the marriage had been destroyed, that its continuation was seriously impairing plaintiff's health and threatening defendant's health, and that it involved an atmosphere of bitterness and hatred in the home that was clearly deleterious to the interests of the children. Accordingly, it did not err in determining that the marriage should be terminated. (*De Burgh* v. *De Burgh*, 39 Cal.2d 858, 872-873 [250 P.2d 598]; *Phillips* v. *Phillips*, 41 Cal.2d 869, 876-877 [264 P.2d 926].) It remains to be determined, however, whether it erred in granting a divorce to both of the parties and awarding alimony to plaintiff.

When each of the parties has given the other grounds for divorce, the court may grant a divorce to both, and it "is clothed with a broad discretion to advance the requirements of justice in each particular case." The comparative guilt of the parties "may have an important bearing upon whether or not either one or both should be granted relief," and when "a divorce is granted to both, alimony may be awarded to either, for the basis of liability for alimony is the granting of a divorce against the person required to pay it. (See Civ. Code, § 139.)" (*De Burgh* v. *De Burgh, supra,* 39 Cal.2d 858, 872-874; *Phillips* v. *Phillips, supra,* 41 Cal.2d 869, 877; *Hendricks* v. *Hendricks,* 125 Cal.App.2d 239, 242 [270 P.2d 80].) Although there is authority to the contrary (see *Phelps* v. *Phelps,* 176 Ky. 456 [195 S.W. 779, 780]; *Knight* v. *Knight,* 209 Ga. 131 [70 S.E.2d 770, 771]; 9 A.L.R. 2d 1026), in the absence of statutory provisions expressly prohibiting an award of alimony to a wife guilty of adultery (see *Borden* v. *Borden,* 156 Fla. 770 [23 So.2d 529]; 34 A.L.R.2d 313, 349), it has frequently been held in other jurisdictions that the wife's adultery does not necessarily cause her to forfeit her right to alimony. (*Pauly* v. *Pauly* 14 Okla. 1 [76 P. 148]; *Cross* v. *Cross,* 63 N.H. 444, 446; *Jaffe* v. *Jaffe,* 124 F.2d 233, 234 [74 App.D.C. 394]; *Buerfening* v. *Buerfening,* 23 Minn. 563, 564; *Graves* v. *Graves,* 108 Mass. 314, 318; *Lunsford* v. *Lunsford,* 232 Ala. 368 [168 So. 188, 190]; *Ashcroft* v. *Ashcroft* [1902] Prob. 270, 277, C.A.; *Edwards* v. *Edwards* [1894] Prob. 33, 38; see also

*Alldredge* v. *Alldredge,* 119 Utah 504 [229 P.2d 681, 685, 34 A.L.R.2d 305] ; *MacDonald* v. *MacDonald,* —— Utah —— [236 P.2d 1066, 1069] ; *Patrick* v. *Patrick,* 43 Wash.2d 139 [260 P.2d 878, 881] ; *Burch* v. *Burch,* 195 F.2d 799, 812; *Larson* v. *Larson,* 2 Ill.2d 451 [118 N.E.2d 433, 434] ; *Edwards* v. *Edwards,* 222 Ark. 626 [262 S.W.2d 130, 133].) ▮ Although many of these cases arose in jurisdictions that permit an award of alimony to a guilty wife even if her husband is blameless, the principle they enunciate is even more applicable in a state such as California in which the guilty wife may receive alimony only if she is granted a divorce against a husband who is also guilty of marital fault. They recognize that comparative guilt is only one factor in determining whether alimony should be awarded and that the needs of the wife and the ability of the husband to provide for her are also important, and they protect the interest of society in not having a wife left destitute. They counsel the wisdom of caution before adopting any arbitrary rule that would fetter discretion and require the trial court to deny alimony merely because the wife has been guilty of adultery. As pointed out by the Supreme Court of Utah in dealing with a similar problem, ''Great caution is necessary to prevent the contentions and strife which frequently exist in contested divorce cases from distorting the judgment by placing extraordinary emphasis on particular instances of blameworthy conduct or some unusual sacrifice or contribution in some one phase of the overall picture.'' (*MacDonald* v. *MacDonald, supra,* 236 P.2d 1066, 1069.) ''It certainly does not comport with good conscience to turn such an unfortunate individual out to fend for herself after having given 29 years to this marriage, good or bad as her conduct may have been.'' (*Ibid.*) ''. . . a wife of long standing does not forfeit all right to alimony or a share in the property because of recent misconduct nor in cases where the husband may be equally at fault nor in cases where there is a doubtful preponderance against the wife because judges, being human, cannot penetrate the family drama with complete understanding. Perhaps such a forfeiture of alimony may not be out of proportion in the case where a young wife guilty of acts of moral turpitude, has opportunity to start married life anew but in a case such as this it would be out of all proportion.'' (*Alldredge* v. *Alldredge, supra,* 119 Utah 504 [229 P.2d 681, 685, 34 A.L.R.2d 305].)

Our conclusion that the adultery of the wife does not compel the trial court to deny her alimony, when both of the parties have been guilty of marital fault finds further support in the cases in which divorces were denied on the ground of recrimination. Were we to overrule the De Burgh case, as defendant contends we should do, his own fault would prevent granting him the divorce he sought and secured, and despite her adultery, his duty to support plaintiff would remain. (*Mattson* v. *Mattson*, 181 Cal. 44, 48 [183 P. 443]; *Mohr* v. *Mohr*, 33 Cal.App.2d 274, 276-278 [91 P.2d 238]; *Goetting* v. *Goetting*, 80 Cal.App. 363, 370 [252 P. 656]; *Broad* v. *Broad*, 35 Cal.App. 646, 647 [170 P. 658].) ▇ The fact that the legitimate objects of matrimony have been destroyed and that no purpose is served by maintaining the marriage do not, standing alone, provide a basis for allowing defendant to escape the obligation of support he assumed and which he would be compelled to discharge if a divorce were denied.

▇ It is true, as the De Burgh case recognized, that the comparative guilt of the parties may have an important bearing on the relief that is granted. As pointed out above, however, it is only one of the considerations that are important in determining whether alimony should be granted. ▇ Moreover, in any particular case adultery may or may not constitute greater fault than that of the other party, and in the present case we cannot say as a matter of law that plaintiff's infidelities occurring over a period of three months approximately two years before the action was filed were necessarily more outrageous than defendant's course of continuous cruel conduct toward plaintiff that involved physical attacks and beatings and seriously endangered her health. Plaintiff had been married to defendant for 16 years when this action was commenced, she is the mother of three children who need her care, and her health has been impaired to such an extent that her earning capacity is problematical for the immediate future. Under these circumstances the trial court did not abuse its discretion in refusing to deny her alimony on the ground of her own marital fault.

The judgment is affirmed.

Gibson, C. J., Carter, J., and Schauer, J., concurred.

EDMONDS, J.—I adhere to the conclusions which I stated in *De Burgh* v. *De Burgh*, 39 Cal.2d 858, 874-882 [250 P.2d 598]. By mandate of the Legislature, a divorce "must be de-

nied" upon a showing of recrimination. (Civ. Code, § 111.) Recrimination is defined as "a showing by the defendant of any cause of action against the plaintiff, in bar of the plaintiff's cause of action." (Civ. Code, § 122.) In my opinion, because of these statutes there is no legal basis whatever for allowing each party to an action for divorce to obtain a decree severing the marital relationship.

The contrary conclusion reached in the De Burgh case rests upon a totally untenable construction of the words "in bar." It allows the trial judge to grant a divorce in a situation in which, under section 111 of the Civil Code, relief *must* be denied. To some persons that result may seem to be a desirable social policy. In my opinion, it amounts to a repeal, by judicial decision, of the legislative mandate.

I would overrule the De Burgh case and the decisions which have followed it and reverse the present judgment.

Shenk, J., and Spence, J., concurred.