[Civ. No. 8806. Third Dist. Oct. 25, 1955.]

VINCENT T. THOMPSON, Respondent, v. GEORGIE M. THOMPSON, Appellant.

A. M. Mull, Jr., and Pease & Lally for Appellant.

Anthony J. Scalora and Oscar A. Kistle for Respondent.

VAN DYKE, P. J.—This is an appeal from an interlocutory decree of divorce granted the respondent husband on the ground of adultery and awarding each of the parties certain community property.

The parties intermarried on May 17, 1942, and separated on June 1, 1953. Shortly thereafter the respondent husband commenced the present action, wherein the appellant wife cross-complained, praying for a divorce and an equitable division of the community property. The appellant does not challenge the sufficiency of the evidence to support the trial court's finding that she was guilty of extreme cruelty and adultery. In fact, she admitted that during the period of the marriage she had sexual intercourse on numerous occasions with four different men and that this was without the knowledge or connivance of the respondent. However, she contends that, since the trial court found that the respondent was guilty of extreme cruelty, she, as well as he, was entitled to a divorce. Such is not the law. Under the circumstances, it was for the trial court to determine whether or not either or both of the parties should be granted a divorce.

(*De Burgh* v. *De Burgh,* 39 Cal.2d 858, 873 [250 P.2d 598] ; *Phillips* v. *Phillips,* 41 Cal.2d 869, 877 [264 P.2d 926] ; *Mueller* v. *Mueller,* 44 Cal.2d 527 [282 P.2d 869] ; *Gilmore* v. *Gilmore,* 45 Cal.2d 142, 148-149 [287 P.2d 769].)

█ The trial court concluded that the legitimate objects of matrimony had been destroyed, that the marital misconduct of the appellant far exceeded that of respondent, and that respondent's cruelty did not establish recrimination nor bar his right to an interlocutory decree of divorce on the ground of adultery. Therefore, respondent was granted, and appellant denied, a divorce. By such action the trial court impliedly found either that much of the complained of conduct of respondent was provoked by appellant or that appellant's flagrant flouting of her marriage vows constituted a bar to her cause of action for divorce predicated upon respondent's extreme cruelty. It was within the province of the trial court to so find and its determination as to the comparative guilt of the parties cannot be disturbed on appeal.

█ Appellant contends that the trial court's division of community property is not supported by the record. This contention is untenable. It was for the trial court to assign the community property in such proportions as it deemed just under all the circumstances. (Civ. Code, § 146, subd. One.) It was not necessary that it be evenly divided. Since the trial court held appellant was not entitled to a divorce, the respondent was the "innocent" party and could be awarded more than one-half of the community property. (*De Burgh* v. *De Burgh, supra,* p. 873.) Under the provisions of the interlocutory decree appellant is to take a $2,000 promissory note and that portion of the household furniture in her possession and which respondent testified was worth $2,500. The respondent is to receive the equity in certain improved real property upon which a funeral business is conducted and the personal property used in connection therewith. The respondent estimated the "book value" of this property to be $30,000, but testified that, due to the nature of the business, it would be difficult to sell and that he doubted that more than $5,000 net could be realized after payment of outstanding indebtedness of the business and a balance of $10,643.84 on secured loans which had been obtained when the property was purchased. At that time the parties borrowed $11,000 to apply on the purchase price of $13,600 and $7,000 to remodel the building into a funeral parlor and residence. The trial court found that the value of the business as a going concern was

problematical. ■ The appellant offered no evidence as to the value of the real property or the business conducted thereon. Therefore, she is in no position to now seek a retrial of that issue. **[5]** Neither can she now be heard to complain for the first time on appeal that the trial court failed to find as to the value of the property. ■ The court found that the community property consisted of the funeral home, the business and the personal property used in connection therewith, the promissory note in the amount of $2,000, and household furniture and furnishings. Such finding as to the ultimate facts was sufficient. (*Thomasset* v. *Thomasset*, 122 Cal.App.2d 116, 129 [264 P.2d 626].) There was no need to find as to the specific value of each item of property. (*Pope* v. *Pope*, 102 Cal.App.2d 353, 372-374 [227 P.2d 867].) ■ Neither was it necessary that the trial court find as to the existence of a one-half interest in a small cabin which appellant now attempts to raise to the dignity of a "summer home." She offered no evidence as to its value or what interest the parties might have therein. The only testimony in relation thereto was that respondent had built a small cabin on government-owned land. What possible, equitable interest the parties had therein was not in issue. Appellant cannot now claim that the failure to make disposition thereof constituted reversible error.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.