[Civ. No. 21822.   First Dist., Div. Three.   Apr. 13, 1965.]

KATHLEEN S. BAKER, Plaintiff and Appellant, v. FRANK E. BAKER, Defendant and Respondent.

*Assigned by the Chairman of the Judicial Council.

570

Llewellyn Johns and Gunnar G. Gunheim for Plaintiff and Appellant.

M. Mitchell Bourquin and William E. Boone for Defendant and Respondent.

SALSMAN, J.—Appellant Kathleen Baker filed a complaint for divorce on the ground of extreme cruelty. Respondent Frank Baker answered and cross-complained for desertion.

After trial the court granted each party a divorce, allowed

alimony to appellant, and divided the community property equally.

Appellant alleges that the granting of a divorce to respondent was based on insufficient evidence; that as a matter of law respondent had no cause of action for divorce on the ground of desertion, and further that it was an abuse of discretion to grant respondent a divorce.

The parties were married in 1942. While respondent was in the military service they resided for a short time in Rhode Island. After the war, respondent obtained civilian employment which took the family to Seattle, later to Bermuda, and finally to New Orleans.

The evidence upon which appellant relied to establish her cause of action based upon extreme cruelty was in sharp conflict. We need not relate the testimony of the parties on that issue. It is sufficient to say that the trial court accepted the testimony that supports appellant's charge, and that the judgment awarding appellant a divorce finds sufficient support in the evidence. It is necessary, however, to state the circumstances upon which respondent based his cause of action for desertion, because it is that portion of the judgment to which appellant earnestly objects.

In 1958 the parties were living in New Orleans. Respondent's employers required him to attend a training school in Chicago. The parties agreed that, during respondent's absence, appellant would visit her sister in San Francisco. Respondent expected to be in San Francisco in September of that year for Naval Reserve duty. It is undisputed that when appellant first came to San Francisco she intended to return to respondent and their home in New Orleans. After appellant's arrival in San Francisco she became ill, and was unable to accompany respondent to New Orleans when he returned to resume his employment. Respondent again came to San Francisco in December of 1958, but appellant refused to return with him to their home, stating that something seemed wrong with their marriage and that she wished to consult a psychiatrist. Again in June 1959 respondent came to California and asked appellant to return to New Orleans, but she refused to do so. There was also evidence that appellant thereafter persisted in her refusal despite continued urging on the part of respondent that she return.

The trial court found that ". . . defendant, during the earlier years of said marriage, . . . did inflict grievous mental suffering upon . . ." appellant, but was not guilty of such

conduct ". . . during the later years of the marriage immediately preceding the separation." The court also found that ". . . on or about June 30, 1959" appellant ". . . voluntarily and without cause, separated herself from defendant and cross-complainant with the intention to desert and abandon him, and ever since has continued to will fully [*sic*] and without cause live separate and apart from him. . . ."

Appellant first seeks to argue that since the parties separated by consent, and respondent testified he did not seek a reconciliation, there can be no desertion. But the record shows only that respondent attempted to be careful in his choice of language. He declined to use the term "reconciliation" in his testimony, because he did not believe that his wife's sojourn in San Francisco constituted an actual severance of their marriage relationship. His testimony is clear, however, that he asked appellant many times to return to their home and that she refused. ▮ Although appellant's initial absence was by consent, and hence not desertion (Civ. Code, § 99), nevertheless consent to separation is a revocable act, and when respondent sought in good faith to have appellant return to the family home, and she refused without just cause, her refusal may be deemed desertion. (Civ. Code, § 101.) The evidence supports the trial court's finding that appellant's continued absence after June 30, 1959, was accompanied by an intent to desert her husband.

Appellant's principal contention, stated in various ways in her brief, is that respondent was not entitled to a divorce on the ground of desertion because, at the time respondent claims his cause of action arose, appellant possessed a valid cause of action for divorce on the ground of cruelty. There is no merit in this contention. It is true that, when one spouse has a matured cause of action for desertion, that is, when the statutory period of one year has elapsed, the deserting spouse cannot put the innocent spouse in default by showing an offer to reconcile, refused by the innocent party, and thereby accrue a cause of action for divorce based on desertion. The reason for this rule is that reconciliation is regarded as condonation of the offense and condonation is not compelled by the law. (See *Vosburg* v. *Vosburg*, 136 Cal. 195, 204 [68 P. 694]; *Benkert* v. *Benkert*, 32 Cal. 467, 471; *Meyer* v. *Meyer*, 82 Cal. App. 313, 317 [255 P. 767]; *Kenniston* v. *Kenniston* 6 Cal. App. 657, 661-663 [92 P. 1037].) Obviously this rule will not support by analogy the position contended for by appellant. Moreover, although the trial court found that ap-

pellant had a valid cause of action for divorce based upon cruelty, she did not separate from respondent for that reason. When she left New Orleans to visit her sister in San Francisco, and respondent left to attend training school in Chicago, their separation was a matter of convenience only, and not with the expectation that either was to seek a divorce. Much later, however, appellant repeatedly refused respondent's pleas to return to their home, and when this refusal persisted long after the statutory period of one year had elapsed, it is clear that a cause of action for desertion arose in respondent's behalf.

Our law permits a spouse, who has a cause of action for divorce, to sue for separate maintenance rather than for divorce. (Civ. Code, § 137.) In *Glaston* v. *Glaston,* 69 Cal. App.2d 787 [160 P.2d 45], the wife had adjudicated her cause of action for separate maintenance under the laws of New York. Nevertheless, that judgment was held not to bar the husband's cause of action for divorce in California based upon new grounds which arose after the wife had obtained her judgment in New York. To sustain appellant's contention here would be to hold in effect that the spouse whose cause of action for divorce arose first could thereafter prevent the other spouse from ever obtaining a cause of action for divorce on any ground. This is not the law.

After consideration of all the evidence the trial court found that each party had a cause of action against the other. The court further found the marriage had failed; that there was no likelihood of reconciliation or that the marriage could be saved, and that its continuance would involve serious hazard to the health of both parties and be a deleterious influence upon their minor child. Pursuant to these findings the trial court could exercise its discretion and, applying the rules set forth in *DeBurgh* v. *DeBurgh,* 39 Cal.2d 858, 872-874 [250 P.2d 598], grant a divorce to each party. (See also *Phillips* v. *Phillips,* 41 Cal.2d 869 [264 P.2d 926]; *Mueller* v. *Mueller,* 44 Cal.2d 527 [282 P.2d 869]; *Gilmore* v. *Gilmore,* 45 Cal.2d 142 [287 P.2d 769]; *Hendricks* v. *Hendricks,* 125 Cal.App.2d 239 [270 P.2d 80]; *Thompson* v. *Thompson,* 136 Cal.App.2d 539 [288 P.2d 832].) The evidence in the record fully supports the findings and clearly demonstrates that the trial court did not abuse its discretion in granting each party a divorce.

Appellant also contends there was no corroboration of re-

spondent's testimony as required by Civil Code section 130.
Of course it is unnecessary that all of respondent's testimony be corroborated. Appellant concedes that here only slight additional proof was necessary. (See *Ballard* v. *Ballard,* 215 Cal.App.2d 79, 82 [29 Cal.Rptr. 803]; *LeVanseler* v. *LeVanseler,* 206 Cal.App.2d 611, 613 [24 Cal.Rptr. 206].)
Some corroboration is found in the testimony of appellant's witness, which disclosed that the parties originally lived in New Orleans and that appellant came to San Francisco for what was intended to be a temporary visit, but continued to remain in San Francisco, living first with her sister and later in an apartment, while respondent resided in New Orleans. Moreover, as said in *Ruggles* v. *Ruggles,* 43 Cal.2d 547, 549 [275 P.2d 42], "The circumstances of the separation and the period of time during which the parties lived apart, as disclosed by appellant's testimony, may be taken into consideration as corroborative of respondent's statements." There was sufficient corroboration here.

Finally appellant advances a point on appeal which was not before the trial court. The parties stipulated concerning the extent and nature of the community property and the court, upon the authority of *DeBurgh, supra,* divided the property equally. After judgment, however, it was discovered that respondent had not a made a full disclosure of the community property. Appellant argues that this was a fraud upon her and upon the court, and hence the judgment must be reversed.

It cannot be denied that respondent did violate his fiduciary duties to appellant by failing to disclose the full extent of the community property. It does not follow, however, that the judgment must be reversed. We have recited the court's findings concerning the marriage and its conclusive failure. Our review of the record convinces us that these findings are fully supported by the evidence, and that the court properly and justly granted a divorce to each of the parties. Although respondent's testimony concerning the extent of the community property was not true, it is unlikely that, for this reason alone, the trial court would reject his entire testimony and grant a divorce only to appellant.

Respondent has consented that the judgment may be modified to provide for an equal division of the community property. The total of the community property undisclosed at trial is admitted to be $35,190.07. The judgment is therefore modified so as to award one-half of that amount to each of the

parties, and as so modified the judgment is affirmed.

Costs are awarded to appellant.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied May 13, 1965, and appellant's petition for a hearing by the Supreme Court was denied June 16, 1965.