*In re* MARRIAGE OF CAROLYN TUCKER, Petitioner-Appellee, and PAUL THOMAS TUCKER, Respondent-Appellant.

Fourth District   No. 4—86—0135

Opinion filed October 30, 1986.

Greaves, Lerner & Kirchner, of Champaign, for appellant.

Charles L. Palmer, of Franklin, Flynn & Palmer, of Champaign, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On June 23, 1981, the circuit court of Champaign County entered a judgment for dissolution of the marriage of petitioner, Carolyn Tucker, to respondent, Paul Thomas Tucker. A written separation agreement between the parties, which provided in part for Carolyn's maintenance and support, was ordered to be incorporated by reference into the judgment. On December 3, 1984, Paul filed a petition to terminate Carolyn's maintenance for the reason that she was cohabiting with another person on a resident continuing conjugal basis in violation of section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1983, ch. 40 par. 510(b)). Carolyn filed a motion to strike or dismiss the petition, claiming that the maintenance involved was maintenance in gross and was not subject to the provisions of section 510(b). The petition was dismissed on those grounds, and respondent appeals that order. We affirm.

■ Article IV of the separation agreement, entitled "Maintenance," provides in part:

"1. Paul shall pay to Carolyn, as and for her allowance for support and maintenance, the sum of Fourteen Thousand Four Hundred ($14,400) Dollars per year. Payment shall be made on the first day of each month and commencing pro rata on the effective date of this agreement and shall be in the sum of Twelve Hundred ($1200) Dollars each.

2. The payments due Carolyn of maintenance shall continue until *the first to happen* of the following:

(a) The death of Carolyn, notwithstanding the intervening

prior death of Paul;

    (b) The remarriage of Carolyn;

    (c) The payment by Paul of the one hundred twenty-first (121st) monthly payment provided herein."

Paul argues that the agreement provides for periodic maintenance, which is modifiable and subject to the section 510(b) provisions for termination, whereas Carolyn argues that the agreement provides for maintenance in gross, which is neither modifiable nor subject to statutory provisions for termination. (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 295, 478 N.E.2d 326, 328.) We conclude, however, that we are not required to determine whether the agreement called for periodic maintenance or maintenance in gross because the agreement sets forth exclusive conditions for the termination of maintenance which take precedence over the Act's provisions for termination of maintenance.

■ When the parties entered into the separation agreement in 1981, section 510(b) of the Act provided:

"(b) The obligation to pay future maintenance is terminated upon the death of either party, or the remarriage of the party receiving maintenance, or if the party receiving maintenance cohabits with another person on a resident, continuing conjugal basis." (Ill. Rev. Stat. 1979, ch. 40, par. 510(b).)

This section was amended in 1982 and now provides:

"(b) *Unless otherwise agreed by the parties in a written separation agreement set forth in the judgment or otherwise approved by the court,* the obligation to pay future maintenance is terminated upon the death of either party, or the remarriage of the party receiving maintenance or if the party receiving maintenance cohabits with another person on a resident, continuing conjugal basis." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 40, par. 510(b).)

The Illinois Supreme Court has held that the 1982 amendment was merely intended to clarify the existing law and not to change it. (*In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 463 N.E.2d 719.) Therefore, termination provisions of section 510(b) as they existed in 1981 when Carolyn and Paul entered the separation agreement were not mandatory and could have been superseded by termination provisions "otherwise agreed" on by the parties or "otherwise approved by the court."

In the case of *In re Estate of Bartlett* (1985), 138 Ill. App. 3d 102, 485 N.E.2d 566, the parties entered a settlement agreement in 1977 which provided that decedent would pay the claimant maintenance of

$500 per month for a period of 10 years. Upon the death of the obligor spouse, the recipient spouse filed a claim in his estate for the unpaid installments for the balance of the 10-year period. The claim was allowed and appeal was taken. This court stated that the issue before it was to determine, not what type of maintenance had been provided for, but whether the parties had intended to have the section 510(b) provisions for termination apply. It concluded that those provisions would have applied only if the parties had not agreed to other termination provisions. Accordingly, the allowance of the claim was affirmed.

Similarly, here, the parties entered an agreement which provided for the termination of maintenance payments only upon Carolyn's death or remarriage or at the end of 10 years. The court approved this agreement and ordered it to be incorporated into the judgment for dissolution. We believe that the provisions of the agreement clearly show that the parties did not intend to have the section 510(b) termination provisions apply. Accordingly, we conclude that cohabitation is not a condition for termination of maintenance under the settlement agreement.

As indicated, we affirm.

Affirmed.

McCULLOUGH, P.J., and WEBBER, J., concur.