*In re* MARRIAGE OF BERNICE L. POPOVICH, Petitioner-Appellee, and CHARLES F. POPOVICH, Respondent-Appellant.

Fourth District  No. 4—86—0170

Opinion filed November 20, 1986.

McGrady & McGrady, of Gillespie, for appellant.

Larry J. Price, of Droste, Droste & Price, of Mt. Olive, for appellee.

JUSTICE WEBBER delivered the opinion of the court:
Respondent appeals from the post-judgment order of the circuit court of Macoupin County which awarded maintenance to petitioner. The appeal presents what appears to be a question of first impression in this State. The judgment of dissolution contained neither a reservation of maintenance nor did it contain an express waiver of the same. The issue then becomes whether there exists in the trial court any authority to award maintenance in a post-judgment proceeding.

The facts of the case are not in dispute. Petitioner obtained a judgment of dissolution of marriage in August 1982. It was not a default case, and both parties were represented by counsel. There had apparently been extended negotiations over property settlement, visi-

tation, child support, and other derivative matters. The parties then arrived at an agreement.

No written agreement as such appears in the record. Rather, at the hearing on property settlement, child support, and custody, petitioner's counsel stated to the court:

> "Yes, your honor, basically the basics for the agreement is a property settlement, seperation [sic] of property settlement agreement which I prepared some time ago which the parties were never able to completely come to accord about and it forms a nucleus agreement which they were able to reach while waiting for this case to be called."

Counsel then recited orally to the court the various provisions of the agreement. The only reference in his recital to the question of maintenance was a single sentence as follows:

> "There was a question about maintenance but my client is now employed and so that is not an issue at this particular time."

The court then asked both petitioner and respondent if counsel's recital was in accordance with their respective understandings of the agreement, and both answered in the affirmative.

The written judgment order which followed incorporated counsel's recitation, but it contains no provision concerning maintenance—neither allowed, nor denied, nor waived, nor reserved. It was approved by both counsel.

About three years later in August 1985, petitioner filed a petition for modification in three counts. Two of the counts are not at issue in the instant appeal, having been settled below. The third count sought permanent periodic maintenance, alleging in pertinent part that respondent's income, assets, and earning potential greatly exceeded those of petitioner.

Respondent moved to dismiss count III at the conclusion of the hearing on the petition to modify. The argument was twofold: (1) that the court lacked jurisdiction to enter an award of maintenance, and, alternatively, (2) that petitioner failed to establish by the manifest weight of the evidence that she was entitled to maintenance. The court took the matter under advisement and requested memoranda of authority from counsel on the subject of jurisdiction. Thereafter, extensive memoranda were submitted; the court found that it did have jurisdiction, and the court entered an order for periodic permanent maintenance in favor of petitioner of $300 per month. A post-trial motion was filed by respondent and again extensive memoranda were submitted by counsel. The court denied the motion, and this appeal followed.

Respondent raises three issues on appeal: (1) the jurisdiction of the trial court; (2) failure of the petition to modify to state a cause of action under section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)); and (3) manifest weight of the evidence.

The general rule is that when a judgment of dissolution has been entered and becomes final and such a judgment does not award maintenance to a wife, she may not at a subsequent time seek maintenance. An exception exists where the right to do so is afforded by statute. (See generally 27A C.J.S. *Divorce* sec. 231 (1959).) A specific exception exists in the Act in the case of judgments where the court lacks personal jurisdiction. (Ill. Rev. Stat. 1985, ch. 40, par. 504(a); see *Larson v. Larson* (1954), 2 Ill. 2d 451, 118 N.E.2d 433 (interpreting a similar provision in the prior Divorce Act (Ill. Rev. Stat. 1953, ch. 40, par. 19)).) Since the instant case is not of such a nature, this provision is inapplicable but serves to indicate that maintenance is not absolutely barred under the Act in all instances.

More apropos to the disposition in the instant case is section 502 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 502) since we are dealing with an agreement. That section provides as follows:

"(a) To promote amicable settlement of disputes between parties to a marriage attendant upon the dissolution of their marriage, the parties may enter into a written or oral agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them and support, custody and visitation of their children.

(b) The terms of the agreement, except those providing for the support, custody and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the agreement is unconscionable.

(c) If the court finds the agreement unconscionable, it may request the parties to submit a revised agreement or upon hearing, may make orders for the disposition of property, maintenance, child support and other matters.

(d) Unless the agreement provides to the contrary, its terms shall be set forth in the judgment, and the parties shall be ordered to perform under such terms, or if the agreement provides that its terms shall not be set forth in the judgment, the judgment shall identify the agreement and state that the court has approved its terms.

(e) Terms of the agreement set forth in the judgment are enforceable by all remedies available for enforcement of a judgment, including contempt, and are enforceable as contract terms.

(f) Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the agreement so provides. Otherwise, terms of an agreement set forth in the judgment are automatically modified by modification of the judgment."

As applied here, it is apparent that the predicates of this section were fully met. The agreement was oral; in its judgment the court stated that it had examined the agreement "and finds its terms to be fair and equitable"; and the agreement did not preclude or limit any terms. It then follows that the terms of the agreement are automatically modified by modification of the judgment.

■ Respondent argues strenuously that since there was no reservation of the question of maintenance in the judgment order, it should be presumed that petitioner waived her right to maintenance. He argues further that "it should be presumed" that the parties considered maintenance when allocating and disposing of their property in the oral agreement. We do not agree.

Waiver is a voluntary relinquishment of a known right. It will not be inferred in the absence of a clear, unequivocal, and decisive act. Maintenance is a valuable right. Unless there is an express and explicit waiver, waiver will not be presumed.

The record discloses that maintenance was an issue in this case. Petitioner asked for it in her complaint for dissolution and there is counsel's statement regarding it set forth above. At the hearing on modification, both petitioner and respondent testified. Reference by respondent's counsel was made to a document on which respondent purportedly wrote "no" after a provision regarding maintenance. This document was not made part of the record, and we therefore cannot determine with any degree of certainty what it contained. The objection might well have been to the amount of maintenance as well as to maintenance itself. In any event, the trial court found against respondent on this point, and we find no basis to gainsay that judgment.

By enacting section 504 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 504), the legislature has determined that maintenance is part of the public policy of this State. It therefore cannot be dealt with lightly. The recent trend of authority is to attempt to substitute an ad-

equate property settlement in lieu of maintenance. (*Cf. In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 411 N.E.2d 238.) The rationale is to disentangle the parties to the extent possible. A property settlement sends each of them on their respective ways, while maintenance keeps a continuing relationship between them and generally leads to additional litigation. However, if there is to be property settlement in lieu of maintenance, the judgment order must be clear and unequivocal on the issue. Such is not the case here.

■ It is our opinion that the record, considered as a whole, demonstrates that there was no waiver of maintenance. This leads to the second element of the argument, *i.e.*, absent waiver, there was no reservation of the question.

The "reserved jurisdiction" approach to maintenance has been taken by some courts, but only when some award of maintenance has been made and is to be subject to further review. (See Ill. Ann. Stat., ch. 40, par. 504, Supplement to Historical and Practice Notes at 128 (Smith-Hurd Supp. 1986).) If the entire matter were reserved without an award, serious questions would arise as to the finality of the judgment. *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137.

We therefore conclude that since there was no waiver and since there was no basis for reserved jurisdiction, the question of maintenance was properly before the trial court, which was vested with subject-matter jurisdiction.

■ We turn next to respondent's second issue, namely, that because petitioner did not allege a substantial change in circumstances, her petition for modification did not state a cause of action. We do not agree. Section 510(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)) requires a "showing" of a substantial change in circumstances. This concerns the evidence at the hearing and petitioner's burden of proof. There is no hard and fast requirement that the litany be recited in the pleading. The discovery process is readily available to determine what petitioner believes to be a substantial change in circumstances. In the case at bar, the only allegation was a disparity in income, assets, and earning ability as between petitioner and respondent. This might, or might not, be considered by a trial court as a sufficient change upon trial, but it is minimally sufficient as a pleading.

■ Respondent's third issue relates to the manifest weight of the evidence. He maintains that petitioner did not sustain her burden of proof. It is elemental that the wide discretion vested in a trial court when sitting as the trier of fact will not be disturbed in the absence of

an abuse of that discretion. This is true even if the reviewing court would have arrived at a different decision.

■ Here the trial court made a careful and conscientious decision. The marriage was a long one, 30 years. Petitioner was earning $4 per hour, a sum only slightly above the minimum wage, while respondent had a career position with the State of Illinois. Petitioner had no medical insurance and was afflicted with serious medical problems and housing difficulties. We find no basis upon which to disturb the trial court's order.

For all the foregoing reasons, the order of the circuit court of Macoupin County is affirmed.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.