In re MARRIAGE OF WILLIAM E. GILES, Petitioner-Appellant, and LENA M. GILES, Respondent-Appellee.

Fifth District   No. 5—88—0657

Opinion filed April 26, 1990.

Thomas W. Lacy, of Taylorville, for appellant.

Robert Broverman, of Broverman & Podeschi, P.C., of Taylorville, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

William Giles, petitioner herein, appeals from an order of the circuit court granting the motion of his former wife, Lena Giles, the respondent, to dismiss his petition to terminate maintenance payable to her. At issue is whether the conditions governing the termination of maintenance set forth in the parties' marital settlement agreement approved by the trial court supersede the statutory provision concerning termination of maintenance set forth in section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 510) (hereafter referred to as the Act).

On January 16, 1985, the trial court entered a judgment of dissolution of the marriage of the parties in which it expressly approved the property settlement and support agreement into which the parties had entered the day before. The property settlement and support agreement provides that during his lifetime the petitioner shall pay the respondent the sum of 50% of his net income each month, which monthly sum shall be not less than $500 nor more than $1,000. The agreement provides further that "[s]aid monthly support and maintenance shall continue to be paid by First Party [petitioner] until the death or remarriage of Second Party [respondent]." On June 27, 1988, the petitioner filed his petition to terminate spousal maintenance, alleging that on March 11, 1988, the respondent had commenced cohabitation with a certain man on a resident, continuing, conjugal basis that had continued until the date of the filing of the petition. Petitioner alleged further that section 510(b) of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 510(b)) provides that cohabitation on a resident, continuing, conjugal basis constitutes grounds for termination of spousal maintenance and sought termination of his obligation

to pay spousal maintenance.

▪ Section 510(b) provides:

"Unless otherwise agreed by the parties in a written agreement set forth in the judgment or otherwise approved by the court, the obligation to pay future maintenance is terminated upon the death of either party, or the remarriage of the party receiving maintenance, or if the party receiving maintenance cohabits with another person on a resident, continuing conjugal basis."

We note that, effective July 1, 1988, subparagraph (b) of section 510 was redesignated as subparagraph (c). (Ill. Ann. Stat., ch. 40, par. 510, Historical Note, at 175 (Smith-Hurd Supp. 1989).) In her motion to dismiss the petition, the respondent alleged that the parties' property settlement and support agreement set forth the exclusive conditions for the termination of maintenance. Respondent alleged that the provisions of section 510(b) can be superseded where the parties have not included a provision in the written agreement that maintenance shall cease if the wife cohabits with another person on a resident, continuing, conjugal basis and that in this case the parties "otherwise agreed" to the exclusive reasons for termination of maintenance.

A hearing was held on the respondent's motion to dismiss at which the petitioner called two witnesses, namely, the respondent and Thomas E. Doyle, the attorney who had represented petitioner during the proceedings pertaining to the dissolution of the marriage. Respondent testified that at the time the marital settlement argument was entered into she did not discuss with her attorney anything about cohabitation with another person. Thomas Doyle testified with regard to the drafting of the marital settlement agreement that he and the respondent's attorney had worked on it "together" and that the subject of cohabitation was not ever discussed.

The property settlement and support agreement provides as follows in paragraph one:

"THAT each of the parties is fully and completely informed of the financial and personal status of the other, and that each of them has had the advise [sic] of counsel, First Party having had the advise [sic] of counsel of his attorneys, TAYLOR, DOYLE, AND FRALEY, Attorneys at Law, Taylorville, Illinois, and the Second Party has had the advise [sic] and counsel of her attorney, JOHN V. FREEMAN, Attorney at Law, Shelbyville, Illinois, and that each of said parties has given full and mature thought toward the making of this agreement and

of all their respective obligations, rights and duties contained herein, and that each of said parties understand [*sic*] that the agreement and obligations assumed by the other are assumed with the express understanding and agreement that they are in full and complete satisfaction of all the obligations which each of the said parties now has or might hereafter [*sic*] toward the other.''

The agreement is signed by both of the parties.

In an entry on the record sheet the trial court found that, contrary to the assertions of the petitioner, the case of *In re Marriage of Tucker* (1986), 148 Ill. App. 3d 1097, 500 N.E.2d 578, applies to the instant one and granted the respondent's motion to dismiss. This appeal followed. Without setting forth a statement of the issue presented for review, petitioner contends on appeal that a party cannot waive the statutory right to termination of spousal maintenance pursuant to section 510(b) of the Act for the reason of cohabitation without specific mention of the right waived and a clear showing of the intent to waive that right. Petitioner argues that, in the absence of discussion of cohabitation as a basis for termination of maintenance, he could not have intended to waive that right and that the trial court's ruling that the property settlement and support agreement contained the exclusive basis for termination of spousal maintenance should accordingly be reversed.

In *Tucker* a written separation agreement between the parties, which provided in part for the former wife's maintenance and support, was ordered to be incorporated by reference into the judgment for dissolution of the parties' marriage. Thereafter the former husband filed a petition to terminate maintenance for the reason that the former wife was cohabiting with another person on a resident, continuing, conjugal basis in violation of section 510(b) of the Act. The separation agreement in *Tucker* provided that maintenance payments were to continue " 'until *the first to happen*' " (emphasis in original) (*Tucker*, 148 Ill. App. 3d at 1098, 500 N.E.2d at 579) of three listed events: the death of the former wife, her remarriage, or payment by the former husband of the 121st monthly installment. The court in *Tucker* determined that the agreement set forth exclusive conditions for the termination of maintenance that took precedence over the provisions of the Act pertaining to termination of maintenance. The court observed that the parties had entered into an agreement providing for the termination of maintenance payments only upon the former wife's death or remarriage or at the end of 10 years and that the court had approved the agreement and had or-

dered it incorporated into the judgment for dissolution. The *Tucker* court concluded that the provisions of the agreement showed clearly that the parties did not intend to have the provisions of section 510(b) pertaining to termination of maintenance apply and that cohabitation was not a condition for termination of maintenance under the settlement agreement.

Recently, following *Tucker*, the court in *In re Marriage of Arvin* (1989), 184 Ill. App. 3d 644, 540 N.E.2d 919, determined that the omission from a marital settlement agreement of conjugal habitation as a condition for termination indicated that the parties did not intend to have this statutory condition apply. In *Arvin* the judgment for dissolution of the parties' marriage incorporated the terms of the marital settlement agreement, which provided for the payment of maintenance " 'terminable upon the wife's remarriage or upon the wife's death' " (*Arvin*, 184 Ill. App. 3d at 646, 540 N.E.2d at 921). The court in *Arvin* concluded that, under the terms of the agreement, conjugal cohabitation was not a basis for the termination of maintenance.

Here, as in *Arvin*, the terms of the marital settlement agreement provide for the termination of maintenance upon the death or remarriage of the recipient. In neither *Arvin* nor *Tucker* was there an express waiver of conjugal cohabitation as a condition for the termination of maintenance. Citing *In re Marriage of Popovich* (1986), 149 Ill. App. 3d 643, 500 N.E.2d 1109, petitioner states that waiver is a voluntary relinquishment of a known right, which will not be inferred in the absence of a clear, unequivocal, and decisive act and that maintenance is a valuable right, waiver of which will not be presumed without an express and explicit waiver. In *Popovich*, which is distinguishable from the instant case, the judgment of dissolution contained neither a reservation of maintenance nor an express waiver of it. In a post-judgment proceeding the trial court had awarded maintenance to the former wife; on appeal the former husband had urged that, because there was no reservation of the question of maintenance in the judgment order, it should be presumed that the former wife had waived her right to maintenance. The court upon review concluded that the record as a whole demonstrated no waiver of maintenance. In the instant case there is, of course, no claim that the valuable right of maintenance has been waived. On the contrary, the parties have expressly provided in clear and unequivocal language for maintenance and for its termination upon the occurrence of either of two conditions, the death or the remarriage of the respondent. Even if *Popovich* were deemed to have application here,

we think that the execution of this agreement, voluntarily signed by both parties, who were each represented by counsel, constitutes a clear, unequivocal, and decisive act from which it may be inferred that petitioner waived conjugal cohabitation as a condition for the termination of maintenance, having otherwise agreed that maintenance would be terminable only upon the respondent's death or remarriage. As the trial court stated at the hearing on respondent's motion to dismiss,

> "The parties were both represented by counsel and the attorneys knew what the law was and the attorneys chose to word it differently from what the statute said. By doing so I think there is an intent that is what was intended by the parties and what was intended by the attorneys."

In the instant case, as in *Arvin* and *Tucker*, under the terms of the marital settlement agreement approved by the court, conjugal cohabitation is not a basis or condition for the termination of maintenance.

We note that after the trial court entered its order granting the respondent's motion to dismiss the petition for the termination of spousal maintenance, the petitioner filed both a petition to modify the marital settlement agreement because of a substantial change in circumstances and a petition to vacate or invalidate this agreement by virtue of his recent confinement in a psychiatric ward prior to signing it. The record indicates that the trial court made no rulings concerning either of these two petitions, and no relief is sought with regard to them. Hence, we make no determination with respect to the matters raised therein.

Affirmed.

RARICK and CHAPMAN, JJ., concur.